■ Sun Refining and Marketing Company, Appellant, v James J. McInerney et al., Respondents.—In an action, *inter alia,* to recover damages for the alleged breach of a franchise agreement, the plaintiff appeals (1) as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (McCarthy, J.), dated August 14, 1986, as directed that it return to the defendants moneys previously tendered by the defendants which were not accepted by the plaintiff in accordance with the terms of the defendants' offer of settlement, and (2) from so much of an order of the same court, dated March 31, 1987, as, (a) upon reargument, directed that the subject moneys not be returned to the defendants but rather be posted with the clerk of the court pending a disposition of this action or a further order, and (b) denied those branches of the plaintiff's motion which were for summary judgment in its favor on the third, fourth, fifth, and sixth causes of actions in its complaint and upon the two counterclaims in the defendants' amended answer.

Ordered that the appeal from the order dated August 14, 1986, is dismissed, without costs or disbursements, as that order was superseded by the order dated March 31, 1987, made upon reargument; and it is further,

Ordered that the order dated March 31, 1987, is modified, on the law, by deleting the provision thereof which denied that branch of the plaintiff's motion which was for summary judgment upon the two counterclaims in the defendants' amended answer, and substituting therefor a provision grant-

ing that branch of the plaintiff's motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

We find that the court improperly denied that branch of the plaintiff's motion which was for summary judgment upon the two counterclaims in the defendants' amended answer. In the first counterclaim, the defendants sought rescission of the franchise agreement on the ground that the terms of the agreement were "harsh, unjust and inequitable" and that continued enforcement would result in "severe financial losses". However, such allegations do not excuse performance of a contract, where, as here, performance was at all times possible, albeit unprofitable *(see, 407 E. 61st Garage v Savoy Fifth Ave. Corp.,* 23 NY2d 275, 281-282). "[W]here impossibility or difficulty of performance is occasioned only by financial difficulty or economic hardship, even to the extent of insolvency or bankruptcy, performance of a contract is not excused" *(407 E. 61st Garage v Savoy Fifth Ave. Corp., supra,* at 281). Accordingly, the first counterclaim must be dismissed. The second counterclaim, sounding in intentional interference with contractual relations, is likewise insufficient inasmuch as there is no evidence that the plaintiff intended to harm the defendants without economic or other lawful excuse or justification *(see, Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276, 281-282).

We note, however, that summary judgment was properly denied with respect to the third through sixth causes of actions in the complaint since there are issues of fact which must be resolved following a trial. We have examined the remaining claims raised on appeal and find them to be without merit. Kunzeman, J. P., Eiber, Spatt and Sullivan, JJ., concur.