■ SUMARNI, INC., Formerly Known as MCSHANE MOVING & STORAGE, INC., Respondent, v LEVICON DEVELOPMENT ASSOCIATES, L.P., Appellant, and FARRELL, FRITZ, CAEMMERER, CLEARY, BARNOSKY & ARMENTANO, P. C., Respondent. [598 NYS2d 573] —In an action to recover damages for breach of contract, the defendant Levicon Development Associates, L.P., appeals from a judgment of the Supreme Court, Nassau County (Roncallo, J.), entered July 23, 1990, which, after a nonjury trial, is in favor of the plaintiff and against it in the principal sum of $450,000.

Ordered that the judgment is affirmed, with costs.

The plaintiff and the appellant entered into a written agreement for the exchange of real property pursuant to 26 USC § 1031, whereby the defendant buyer was to purchase certain other real property, to be designated by the seller, for exchange with the subject property. Pursuant to the terms of the contract, the plaintiff gave the appellant notice designating certain property as suitable for the exchange. The contract further provided that the appellant was to deposit in escrow "Two Hundred Seventy Thousand Dollars ($270,000) within ten (10) business days after the [defendant's] receipt of any Exchange Notice provided for in Paragraph 30 hereof". The appellant failed to make this payment and attempted to

renegotiate the contract "because the market conditions had plunged". The appellant sought an abatement of the price and an extension of the time to close title. However, the plaintiff did not agree to these modifications. " '[W]here impossibility or difficulty of performance is occasioned only by financial difficulty or economic hardship, even to the extent of insolvency or bankruptcy, performance of a contract is not excused' " *(Sun Ref. Mktg. Co. v McInerney,* 139 AD2d 505, 506, quoting from *407 E. 61st Garage v Savoy Fifth Ave. Corp.,* 23 NY2d 275, 281). Contrary to the appellant's contention, the contract did not require the plaintiff to complete an exchange contract before the payment became due nor was there any evidence of bad faith by the plaintiff.

The contract further provided that, in the event of default by the appellant, the plaintiff was entitled to "retain all monies required to be paid to the Escrow Agent as liquidated damages". Therefore, the plaintiff was entitled to retain the initial down payment as well as the $270,000 deposit, which was required to be paid into escrow. Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.