■ MICHAEL P. SCHOENFELD et al., Respondents, v LEONARD MASUCCI et al., Appellants. [613 NYS2d 682] —In an action to recover damages for breach of contract, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Gowan, J.), entered August 5, 1992, which, upon an order of the same court, dated July 7, 1992, which granted the plaintiffs' motion for summary judgment and denied the defendants' cross motion for summary judgment, is in favor of the plaintiffs and against the defendants in the principal sum of $286,250.

Ordered that the judgment is affirmed, with costs.

On October 17, 1988, the defendants entered into a contract with the plaintiffs to purchase 100% of the stock of Chalm Realty Corporation. The contract provided that simultaneously upon execution of the agreement, the defendants would wire $286,250 to an escrow account as a down payment. The contract also provided that if the defendants refused or were unable to close pursuant to the agreement for any reason other than the sellers' breach, the plaintiffs were entitled to the down payment as liquidated damages. The defendants failed to wire the down payment, and on October 18, 1988, the defendants informed the plaintiffs that they would not pursue the transaction.

Contrary to the defendants' contention, the agreement did not require delivery of the executed contract to the defendants before the payment became due, nor was the wiring of the down payment required to render the contract effective. "[A] binding contract * * * may be made without physical delivery of the instrument evidencing the contract" *(Bohlen Indus. v*

*Flint Oil & Gas,* 106 AD2d 909; *see also, Sumarni, Inc. v Levicon Dev. Assocs.,* 194 AD2d 535).

In addition, the immaterial modification of the amount of the post-closing indemnity provision did not render the agreement ineffectual or make the acceptance a rejection and a counter-offer *(see, Matter of McManus,* 83 AD2d 553).

Since the plaintiffs established the defendants' breach of the contract, the Supreme Court appropriately awarded summary judgment and the amount of the down payment as liquidated damages to the plaintiffs *(see, Maxton Bldrs. v Lo Galbo,* 68 NY2d 373, 381-382; *Sumarni, Inc. v Levicon Dev. Assocs., supra,* at 535). Ritter, J. P., Copertino, Santucci and Hart, JJ., concur.