■ PFIZER INC., Respondent-Appellant, v PCS HEALTH SYSTEMS, INC., Appellant-Respondent, et al., Defendants. [650 NYS2d 164] —Amended judgment, Supreme Court, New York County (Ira Gammerman, J.), entered April 2, 1996, which, *inter alia*, enjoined defendants from engaging in any conduct which discourages the use of plaintiff's products, and order of the same court and Justice, entered August 8, 1996, which, *inter alia*, denied defendant PCS Health Systems' motion to vacate the amended judgment, unanimously affirmed, without costs.

Based on the evidence, which demonstrated that defendant failed to include plaintiff's products on various formulary lists and that defendant's interventions had direct negative impacts

upon the use and sale of plaintiff's products, the IAS Court reasonably concluded that defendant breached the terms of its agreement with plaintiff to "use its best efforts" to promote plaintiff's products and treat them in a "favorable manner". Defendant's "promises" to plaintiff were commitments and not mere conditions precedent to plaintiff's payment obligations (*compare, Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 112). Defendant is still bound by contractual obligations to plaintiff even if the agreement with plaintiff has became disadvantageous to defendant (*see, e.g., Sumarni, Inc. v Levicon Dev. Assocs.*, 194 AD2d 535). The remedy of an injunction was appropriate here in light of the difficulty and uncertainty in calculating the substantial future damages that plaintiff would suffer from defendant's breach of the agreement (*see, Van Wagner Adv. Corp. v S & M Enters.*, 67 NY2d 186, 193). We also find that the specific terms of the injunction were reasonably fashioned and in general accord with the parties' actual agreement.

While plaintiff urges that the injunction should also cover all new health plans, the agreement unambiguously provides that such new plans would be covered by the agreement "only upon the mutual agreement of the parties", of which there is no evidence.

Finally, as the Evaluator never specified which competitor of defendant had been offered more favorable pricing terms by plaintiff, or what those terms were, plaintiff was unable to decide, pursuant to the parties' agreement, whether it would offer such terms to defendant. Nor is there evidence of bad faith on the part of plaintiff. Accordingly, defendant had no basis to terminate the agreement. Since the agreement was still binding on the parties, vacatur of the injunction was unwarranted.

We have considered the parties' remaining arguments for affirmative relief and find them to be without merit. Concur—Milonas, J. P., Wallach, Kupferman, Ross and Williams, JJ.