*519 Order, Supreme Court, New York County (Ellen M. Coin, J.), entered December 3, 2012, which, to the extent appealed from as limited by the briefs, granted defendant Joel Kolk’s motion to dismiss the complaint as against him, unanimously affirmed, without costs.
As the motion court noted, the fraud cause of action accrued in December 2005 when the last allegedly fraudulent check was issued from the deceased’s bank account. Plaintiffs, who claim they were unaware of the alleged fraud, were authorized to investigate and obtain the deceased’s financial records in May 2007. Thus, with reasonable due diligence, plaintiffs could have uncovered the alleged fraud at that time. Accordingly, the cause of action for fraud, brought more than two years from the date the alleged fraud could have been discovered and more than six years after the actual fraud occurred, is time barred (see CPLR 213 [8]; Gutkin v Siegal, 85 AD3d 687, 687-688 [1st Dept 2011]). Plaintiffs’ breach of fiduciary duty claim, based on allegations of actual fraud, is subject to the six-year limitations period (Kaufman v Cohen, 307 AD2d 113,119 [1st Dept 2003]). Consequently, the court properly found that this claim is also time barred. Concur — Mazzarelli, J.P., Saxe, Moskowitz, BeGrasse and Gische, JJ.