*488 Order, Supreme Court, Bronx County (John A. Barone, J.), entered August 13, 2013, which, to the extent appealed from, denied defendants-appellants ’ motion to dismiss the complaint against them, unanimously modified, on the law, to grant the motion as to plaintiffs breach of implied warranty, fraud, and breach of good faith causes of action, and otherwise affirmed, without costs.
The court properly declined to dismiss the breach of express warranty cause of action. Plaintiff sufficiently alleged compliance with a condition precedent to bringing an action under the warranty by asserting that it had retained qualified contractors to provide elevator maintenance services. In addition, assuming the truth of plaintiffs allegations, as we must on a motion to dismiss, defendants’ failure to properly service the machines may have “frustrated or prevented the occurrence of the condition” (ADC Orange, Inc. v Coyote Acres, Inc., 7 NY3d 484, 490 [2006] [internal quotation marks omitted]).
The court properly denied as premature defendants-appellants’ motion to dismiss plaintiffs request for an injunction (Warberg Opportunistic Trading Fund, L.P. v GeoResources, Inc., 112 AD3d 78, 87 [1st Dept 2013]). Equitable relief may be appropriate where, as alleged here, there is “difficulty and uncertainty in calculating” the damages that plaintiff would suffer from defendants’ breach of the maintenance agreement (Pfizer Inc. v PCS Health Sys., 234 AD2d 18, 19 [1st Dept 1996]).
Plaintiffs fraud cause of action failed to allege specific facts with respect to the time, place, or manner in which defendants-appellants made the purported misrepresentations (see CPLR 3016 [b]). Plaintiff also failed to allege that the purportedly false representations were made by defendants-appellants with the intent to deceive or to induce plaintiff’s reliance (see Barbarito v Zahavi, 107 AD3d 416, 419 [1st Dept 2013]). In any case, the fraud claim, which is premised on the allegation that defendants misrepresented that the subject elevators were suitable for their intended purpose and were the equivalent of the machines specified in the parties’ April 2001 elevator modernization contract, is time-barred by the applicable statute of limitations (CPLR 213 [8]). Even accepting the truth of plaintiffs allegation that it could not have discovered defendants-appellants’ alleged fraud prior to December 31, 2009, because they or their subsidiary controlled the service and maintenance of the subject elevators, plaintiff fails to allege any facts to explain why it could not, with reasonable diligence, have discovered the alleged *489 fraud at any point after December 31, 2009, when defendant Ver-Tech took over the maintenance and service of the elevators (see Lim v Kolk, 111 AD3d 518, 519 [1st Dept 2013]). Equitable estoppel is not appropriate here to toll the limitations period, because plaintiff has failed to allege any actions taken by defendants after December 31, 2009 to prevent plaintiff from timely commencing this action (see Putter v North Shore Univ. Hosp., 7 NY3d 548, 552-553 [2006]).
Plaintiffs second cause of action, claiming that defendants-appellants breached an implied warranty that the elevators they sold and delivered to plaintiff between April 2001 and August 2005 were fit for the specific purpose for which they were purchased, is barred by the applicable four-year statute of limitations (see UCC 2-725 [1]). Plaintiffs breach of good faith cause of action is duplicative of the breach of warranty claim, because both claims arise from the same facts (see Logan Advisors, LLC v Patriarch Partners, LLC, 63 AD3d 440, 443 [1st Dept 2009]). Concur — Gonzalez, PJ., Acosta, Saxe, Richter and Manzanet-Daniels, JJ.