■ MURRAY J. ROSEN, Respondent, v RICHARD BERNARD et al., Appellants, et al., Defendants. (And Another Title.) — In a shareholder's derivative action, the appeal is from an order of the Supreme Court, Kings County (Hurowitz, J.), dated June 6, 1984, which denied a motion, in effect, for renewal of a prior motion to dismiss the complaint for failure to state a cause of action, which resulted in an order of the same court dated April 12, 1984, which denied the motion.

Order dated June 6, 1984 reversed, with costs, renewal granted and, upon renewal, order dated April 12, 1984 vacated and matter remitted to the Supreme Court, Kings County, for a hearing in accordance herewith to be held within 120 days of service upon the plaintiff of a copy of the order to be made hereon, with notice of entry.

Defendant Technical Tape, Inc. (TTI) moved to dismiss the complaint for failure to state a cause of action, based upon the decision of a special litigation committee appointed by TTI's board of directors, that it would not be in the best interests of the corporation for the action to proceed. Plaintiff Rosen opposed the motion on the ground, inter alia, that the special litigation committee was not independent.

Special Term denied the motion upon the grounds, inter alia, that two of the three members of the special litigation committee may not have been truly independent and the methods of investigation of the special litigation committee were "somewhat suspect".

TTI then moved, in effect, for renewal of its motion to dismiss on the ground, that, inter alia, a limited issue hearing addressed

solely to the independence of the members of the special litigation committee and the thoroughness of their investigation would determine these issues and possibly preclude the need for a trial on the merits. Special Term denied the motion.

It is well settled that the business judgment doctrine does not shield the members of a special litigation committee from inquiry into their disinterested independence, or the adequacy and appropriateness of the committee's investigative procedures and methodologies (*Auerbach v Bennett,* 47 NY2d 619, 631, 634). On the other hand, the business judgment doctrine "bars judicial inquiry into actions of corporate directors taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes" (*Auerbach v Bennett, supra,* p 629).

Pursuant to these principles, the issues of the independence of the special litigation committee and the methods of its investigation are potentially dispositive of the lawsuit, and a hearing of these issues should be held (CPLR 3211 [c]; Siegel, NY Prac § 271). Titone, J. P., O'Connor, Rubin and Lawrence, JJ., concur.