■ Harry Lewis, Appellant, v John F. Akers et al., Respondents. [644 NYS2d 279] —In a shareholder's derivative action to recover damages for breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Kings County (Dowd, J.), dated March 3, 1995, which granted the motions of the defendants to dismiss the complaint.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

According to the complaint, on April 30, 1993, the board of directors of the defendant International Business Machines Corporation (hereinafter IBM) voted to pay the defendant John F. Akers, who was chairman of the board and chief executive officer of IBM, and who had been an employee of IBM for thirty-three years, the sums of $925,000 in recognition of his years of service to IBM and $2,500,000 as part of a retirement incentive program and voted to accelerate the vesting of his stock options. Claiming these transactions were wrongful, the plaintiff, a shareholder of IBM, instituted this action against the defendants, the inside and outside directors of IBM, IBM,

and Akers, for breach of fiduciary duty sounding in the waste of corporate assets. Upon the motions of the defendants, the complaint was dismissed for failure to make a demand on the board of directors of IBM and for failure to state a cause of action for breach of fiduciary duty. We affirm.

The question of whether the demand requirement of Business Corporation Law § 626 (c) has been met is a matter within the discretion of the court (*see, Barr v Wackman,* 36 NY2d 371; *MacKay v Pierce,* 86 AD2d 655). A demand on the board is necessary prior to instituting suit against the corporation (*see,* Business Corporation Law § 626 [c]; *Lewis v Welch,* 126 AD2d 519). A demand is not necessary if "the complaint alleges acts for which a majority of the directors may be liable, and [the] plaintiff reasonably concluded that the board would not be responsive to a demand" (*Barr v Wackman, supra,* at 377).

However, it is insufficient merely to name a majority of the directors as defendants making conclusory allegations of wrongdoing (*see, Barr v Wackman, supra,* at 379; *Lewis v Welch, supra,* at 521). Rather, the complaint must establish with sufficient particularity that a demand would have been futile (*see, Marx v Akers,* 88 NY2d 189). Here, the complaint did not contain specific allegations as to why the demand would be futile. Moreover, it was not reasonable for the plaintiff to conclude that the IBM board members which he named as defendants, consisting of eight outside directors and two inside directors, would not be responsive to a demand (*see, Lewis v Welch, supra,* at 521).

Furthermore, the complaint was properly dismissed for failure to state a cause of action because the plaintiff did not allege, with the requisite particularity, that the transfers to the defendant John F. Akers lacked a legitimate business purpose or were the products of fraud, bad faith, or a conflict of interest (*see, Auerbach v Bennett,* 47 NY2d 619, 631; *Amfesco Indus. v Greenblatt,* 172 AD2d 261, 263-264).

Finally, the Supreme Court did not improvidently exercise its discretion in failing to grant the plaintiff's request to replead (*see, Ott v Automatic Connector,* 193 AD2d 657). Balletta, J. P., Thompson, Pizzuto and Altman, JJ., concur.