■ PATRICIA HART, Appellant, v DAVID SCOTT et al., Respondents. [778 NYS2d 718]—

In an action, inter alia, to recover damages for fraud, breach of contract, breach of fiduciary duty, and intentional interference with contractual relations, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Golar, J.), dated January 16, 2003, as granted the cross motion of the defendants David Scott and Renal Dialysis of Southeast Queens, LLC, and the separate cross motion of the defendants Southeast Queens Medical Group, LLP, and New York Hospital Medical Center of Queens pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The Supreme Court properly granted the separate cross motions of the defendants pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them for failure to state a cause of action. Accepting the facts as alleged in the complaint as true, and according the plaintiff the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d 83 [1994]), the complaint fails to state a cause of action (*see* CPLR 3211 [a] [7]). Indeed, the plaintiff's allegations regarding the conduct of the defendants were impermissibly vague and conclusory (*see Stoianoff v Gahona,* 248 AD2d 525 [1998], *appeal dismissed* 92 NY2d 844 [1998], *cert denied sub. nom Stoianoff v New York Times,* 525 US 953 [1998]). Moreover, the plaintiff's papers submitted in opposition to the cross motions failed to remedy the defects in the complaint (*see generally Cron v Hargro Fabrics,* 91 NY2d 362, 367 [1998]; *see also Cramer v Englert,* 289 AD2d 617, 618 [2001]). We note that the plaintiff's cause of action for an accounting was also properly dismissed for her failure to allege that she had demanded an accounting or that the defendants refused to provide her with an accounting (*see NAB Constr. Corp. v New York City Paper Mill,* 265 AD2d 312 [1999]). Altman, J.P., Florio, Schmidt and Rivera, JJ., concur.