■ PAUL BLUME, Appellant, v A & R FUELS, INC., et al., Respondents. [821 NYS2d 132]—

In an action to recover damages for tortious interference with contractual relations, the plaintiff appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Kings County (Jackson, J.), dated October 29, 2004, as granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint, and (2) an order of the same court dated April 26, 2005, as denied that branch of his motion which was for leave to renew that branch of the defendants' prior motion which was pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

Accepting the factual allegations in the amended complaint as true and according the plaintiff the benefit of every favorable inference, as we must on a motion pursuant to CPLR 3211 (a) (7) (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]; *Gem Servs. of N.Y., Inc. v United Gen. Tit. Ins. Co.,* 28 AD3d 516 [2006]; *Morales v Copy Right, Inc.,* 28 AD3d 440 [2006], *lv denied* 7 NY3d 705 [2006]; *Hartman v Morganstern,* 28 AD3d 423 [2006]), we agree with the Supreme Court that the amended complaint failed to state a cause of action to recover damages for tortious interference with contractual relations. An essential element of this cause of action is the existence of a valid contract between the plaintiff and a third party (*see Lama Holding Co. v Smith Barney,* 88 NY2d 413, 424 [1996]; *Kronos, Inc. v AVX Corp.,* 81 NY2d 90, 94 [1993]; *Bradbury v Cope-Schwarz,* 20 AD3d 657 [2005]; *Waste Servs. v Jamaica Ash & Rubbish Removal Co.,* 262 AD2d 401 [1999]). Here, the factual allegations set forth in the amended complaint were insufficient to demonstrate that after the plaintiff left the employ of the defendant company, he entered into a valid employment contract with another company.

Furthermore, the Supreme Court properly exercised its discretion in denying that branch of the plaintiff's motion which was for leave to renew. The plaintiff did not offer a reasonable justification for his failure to submit the newly proffered evidence at the time of the original motion, and did not demonstrate that the new evidence would have changed the prior determination (*see* CPLR 2221 [e] [2]); *Elder v Elder,* 21 AD3d 1055 [2005]; *Renna v Gullo,* 19 AD3d 472 [2005]). Prudenti, P.J., Mastro, Spolzino and Dillon, JJ., concur.