■ CARYN M. DANZY, Appellant, v NIA ABSTRACT CORPORATION et al., Respondents, et al., Defendants. [835 NYS2d 738]—

In a shareholders' derivative action, inter alia, to recover damages for breach of fiduciary duty, the plaintiff third-party defendant Caryn M. Danzy appeals, individually and as a director on behalf of NIA Abstract Corporation, as limited by her brief, from (1) so much of an order of the Supreme Court, Nassau County (Austin, J.), entered March 27, 2006, as denied her motion, made jointly with the defendant third-party defendant NIA Abstract Corporation, which was for summary judgment dismissing the third-party complaint, and (2) so much of an order of the same court, entered May 22, 2006, as granted that branch of the motion of the defendant third-party plaintiff

James J. Salters, which was to strike her demand for a jury trial in the third-party action.

Ordered that the order entered March 27, 2006 is reversed insofar as appealed from, on the law, and the motion of the plaintiff third-party defendant Caryn M. Danzy and the defendant third-party defendant NIA Abstract Corporation for summary judgment dismissing the third-party complaint is granted; and it is further,

Ordered that the appeal from the order entered May 22, 2006 is dismissed as academic in light of our determination on the appeal from the order entered March 27, 2006; and it is further,

Ordered that one bill of costs is awarded to the plaintiff third-party defendant Caryn M. Danzy.

Business Corporation Law § 626 (c) provides that the plaintiff in a shareholders' derivative action "shall set forth with particularity the efforts of the plaintiff to secure the initiation of such action by the board [of directors] or the reason for not making such effort." This demand requirement "is futile, and excused, when the directors are incapable of making an impartial decision as to whether to bring suit" on the specific claim (*Bansbach v Zinn*, 1 NY3d 1, 9 [2003]; *see Marx v Akers*, 88 NY2d 189, 200-201 [1996]).

In the matter at bar, the Supreme Court erred in failing to determine in the first instance whether the third-party complaint set forth with particularity that a demand would be futile (*see Marx v Akers, supra* at 198; *Griffith v Medical Quadrangle*, 5 AD3d 151, 152 [2004]), particularly since the defendant third-party plaintiff James J. Salters merely asserted conclusory allegations of wrongdoing and control, which were "insufficient to circumvent the requirement of demand" upon the board (*Bansbach v Zinn, supra* at 11). Accordingly, the Supreme Court should have granted the motion of the plaintiff third-party defendant Caryn M. Danzy and the defendant third-party defendant NIA Abstract Corporation for summary judgment dismissing the third-party complaint.

In light of the above determination, the parties' remaining contentions with respect to Danzy's demand for a jury trial in the third-party action have been rendered academic. Crane, J.P., Krausman, Lifson and Balkin, JJ., concur.