■ JAY GLATZER, Appellant, v YITZ GROSSMAN et al., Respondents. [849 NYS2d 300]—

In a shareholder derivative action, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jonas, J.), dated September 18, 2006, which granted the motion of the defendants Murray Englard, Michael Nafash, Stuart Ehrlich, and Dennis

M. O'Donnell, and the separate motion of the defendants Yitz Grossman and Emerald Asset Management, Inc., to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211.

Ordered that the order is affirmed, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

The Supreme Court did not err in dismissing the complaint because of the plaintiff's failure to make a demand on the board of directors of New York Healthcare, Inc. (hereinafter NYHC), to rescind a settlement agreement with the defendants Yitz Grossman and Emerald Asset Management, Inc. (*see* Business Corporation Law § 626 [c]). To justify failure to make a demand, *it is not sufficient to name a majority of the directors as defendants with conclusory allegations of wrongdoing or control by wrongdoers*, as the plaintiff did here (*cf. Bansbach v Zinn*, 1 NY3d 1, 11 [2003]; *Marx v Akers*, 88 NY2d 189, 199-200 [1996]).

The court also correctly determined that the director defendants, Murray Englard, Michael Nafash, Stuart Ehrlich, and Dennis M. O'Donnell, are shielded from liability by the exculpatory provision included in NYHC's certificate of incorporation pursuant to Business Corporation Law § 402 (b).

The plaintiff's remaining contentions are without merit. Crane, J.P., Miller, Dillon and Balkin, JJ., concur.