In an action, inter alia, to recover damages for breach of fiduciary duty and for an accounting, the plaintiffs appeal (1) from an order of the Supreme Court, Kings County (Pfau, J.), dated September 22, 2011, which granted the defendants’ motion to dismiss the amended complaint pursuant to CPLR 3211 (a), and (2) from so much of an order of the same court dated May 10, 2012, as, upon reargument, adhered to the original determination in the order dated September 22, 2011, granting those branches of the defendants’ motion which were pursuant to CPLR 3211 (a) to dismiss the second through sixth causes of action insofar as asserted by the plaintiffs JAS Family Trust B and Marat Novikov, and the defendants cross-appeal from so *640 much of the same order dated May 10, 2012, as, upon reargument, vacated the determination in the order dated September 22, 2011, granting that branch of their motion which was pursuant to CPLR 3211 (a) (3) to dismiss the first cause of action insofar as asserted by the plaintiffs JAS Family Trust B and JAS Family Trust V against the defendant Oceana Holding Corp., and thereupon denied that branch of their motion.
Ordered that the appeal from the order dated September 22, 2011, is dismissed, without costs or disbursements, as that order was superseded by the order dated May 10, 2012, made upon reargument; and it is further,
Ordered that the order dated May 10, 2012, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiffs are the owners of, or predecessors in interest to the owners of, a minority interest in the defendant Oceana Holding Corp. (hereinafter Oceana). The plaintiff Marat Novikov owns 20% of the shares of Oceana. As of October 2007, the plaintiff JAS Family Trust B owned 10% of the shares. Thereafter, JAS Family Trust B attempted to convey those shares to the plaintiff JAS Family Trust V, but whether that transfer was accomplished is a matter in dispute. According to the complaint, the remaining 70% of the shares of Oceana are held by the individual defendants, who are also officers of Oceana, and the trust defendants, which the individual defendants control.
The plaintiffs commenced this action, asserting, in the first cause of action of the amended complaint, that Oceana paid monthly profit distributions to its shareholders, but, in May 2009, ceased paying distributions attributable to the shares held by JAS Family Trust B or JAS Family Trust V, notwithstanding that it continued to pay the other shareholders. The plaintiffs also asserted causes of action alleging mismanagement, including waste, negligence, fraud, self-dealing, and conversion, and sought an accounting.
The defendants moved pursuant to CPLR 3211 (a) (3) and (7) to dismiss the amended complaint. In an order dated September 22, 2011, the Supreme Court granted that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (3) to dismiss the amended complaint, concluding that the plaintiffs lacked standing. The Supreme Court did not address the defendants’ contention that the amended complaint failed to state a cause of action. In an order dated May 10, 2012, made upon re-argument, the Supreme Court vacated the determination in the order dated September 22, 2011, granting that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (3) to *641 dismiss the first cause of action insofar as asserted by the plaintiffs JAS Family Trust B and JAS Family Trust V against the defendant Oceana Holding Corp., and thereupon denied that branch of their motion, concluding that those plaintiffs had standing to assert the first cause of action, and that the cause of action was properly pleaded. The Supreme Court otherwise adhered to the original determination in the order dated September 22, 2011, granting those branches of the defendants’ motion which were pursuant to CPLR 3211 (a) to dismiss the remaining causes of action asserted in the amended complaint, concluding that the plaintiffs lacked standing to assert the remaining causes of action and that those causes of action failed to state a cause of action even if the plaintiffs had standing to assert them.
The Supreme Court correctly, upon reargument, denied that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) to dismiss the first cause of action, which was for unpaid profit distributions, insofar as asserted by the plaintiffs JAS Family Trust B and JAS Family Trust V against Oceana. In deciding a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must “accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). The amended complaint pleaded a viable cause of action insofar as asserted by these plaintiffs against Oceana for failure to pay profit distributions on equal terms with other shareholders in their class {see Business Corporation Law § 501 [c]). The defendants’ contention that the Supreme Court nevertheless should have adhered to its original determination dismissing this cause of action in its entirety is without merit, as JAS Family Trust B and JAS Family Trust V had standing to assert this cause of action against Oceana.
Upon reargument, the Supreme Court properly adhered to its original determination granting that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) to dismiss the remaining causes of action of the amended complaint. The second through fifth causes of action were derivative in nature. A plaintiff in a shareholders’ derivative action must demand that the corporation initiate an action before commencing an action on the corporation’s behalf, and the complaint must “set forth with particularity” his or her efforts “to secure the initiation of such action by the board or the reasons for not making such effort” (Business Corporation Law § 626 [c]; see Marx v Akers, 88 NY2d 189, 193 [1996]). Demand may be excused *642 because of futility where the complaint alleges with particularity, inter alia, that a majority of the board of directors is interested in the challenged transactions (see Marx v Akers, 88 NY2d at 200). However, “[i]t is not sufficient . . . merely to name a majority of the directors as parties defendant with conclusory allegations of wrongdoing or control by wrongdoers to justify failure to make a demand” (id. at 199-200 [citation and internal quotation marks omitted]; see Bansbach v Zinn, 1 NY3d 1, 11 [2003]). Here, the plaintiffs’ submissions failed to allege specific facts supporting their contention that the defendant directors were interested, such that demand was not required, and the Supreme Court, upon reargument, properly granted that branch of the defendants’ motion which was to dismiss the second through fifth causes of action on that ground (see Business Corporation Law § 626 [c]; Bansbach v Zinn, 1 NY3d at 11; Danzy v NIA Abstract Corp., 40 AD3d 804, 805 [2007]; Griffith v Medical Quadrangle, 5 AD3d 151, 152 [2004]).
In any event, contrary to the plaintiffs’ contention, JAS Family Trust B and Novikov lacked standing to assert the second through fifth causes of action. Inasmuch as the plaintiffs’ allegations failed to identify with particularity the transactions underlying the second through fifth causes of action, they failed to assert that Novikov or JAS Family Trust B owned shares “at the time of the transaction of which [they] complaint ]” (Business Corporation Law § 626 [b]; see CPLR 3013). Accordingly, the Supreme Court, upon reargument, also properly adhered to its prior determination granting that branch of the defendants’ motion which was to dismiss the second through fifth causes of action insofar as asserted by those plaintiffs on the ground that they lacked standing to assert those causes of actions (see DeMarco v Clove Estates, 250 AD2d 724, 724 [1998]).
With respect to the sixth cause of action, the plaintiffs are correct that “a shareholder has both statutory and common-law rights to inspect the books and records of a corporation if inspection is sought in good faith and for a valid purpose” (Matter of Liaros v Ted's Jumbo Red Hots, Inc., 96 AD3d 1464, 1464-1465 [2012] [internal quotation marks omitted]; see Sivin v Schwartz, 22 AD2d 822, 822 [1964]; Business Corporation Law § 624 [f]). However, the plaintiffs failed to allege that their demand for an inspection of Oceana’s books and records met the requirements for such relief under the Business Corporation Law (see Business Corporation Law § 624 [b]). The plaintiffs also failed to state a cause of action for an inspection of Oceana’s corporate books and records at common law, since a plaintiff asserting his or her common-law right must plead a “proper purpose” for the *643 inspection (see Matter of Crane Co. v Anaconda Co., 39 NY2d 14, 18 [1976]; Matter of Niggli v Richlin Mach., 257 AD2d 623, 623 [1999]). Apart from the claim concerning the nonpayment of profit distributions to the plaintiff JAS Family Trust B or JAS Family Trust V, in which Novikov has no interest, the plaintiffs’ asserted purposes for the inspection were speculative, vague, and conclusory. As such, they were insufficient to establish a proper purpose for the inspection (see Lapsley v Sorfin Intl., Ltd., 43 AD3d 1113, 1114 [2007]; Eklund v Pinkey, 27 AD3d 878, 878-879 [2006]; see generally Crane Co. v Anaconda Co., 39 NY2d at 19). Accordingly, the Supreme Court, upon re-argument, properly adhered to its determination granting that branch of the defendants’ motion which was to dismiss the sixth cause of action. Angiolillo, J.E, Dickerson, Sgroi and Hinds-Radix, JJ., concur.