■ Walter Walsh et al., Respondents-Appellants, v Wwebnet, Inc., et al., Respondents, and Paul T. Sweeney et al., Appellants-Respondents, et al., Defendants. [984 NYS2d 100]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the defendants Paul T. Sweeney and Ron Insana appeal from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), entered January 4, 2012, as granted that branch of the plaintiffs' cross motion which was for leave to amend their shareholders' derivative causes of action to recover damages to plead additional factual allegations, and, in effect, denied that branch of their motion which was pursuant to CPLR 3211 (a) (7) to dismiss the shareholders' derivative causes of action to recover damages insofar as asserted against them, and the plaintiffs cross-appeal, as limited by their notice of appeal and brief, from so much of the same order as granted those branches of the separate motions of the defendants Paul T. Sweeney and Ron Insana and the defendants Wwebnet, Inc., Robert Kelly, and Tim Demers which were pursuant to CPLR 3211 (a) (7) to dismiss the shareholders' derivative cause of action for an accounting insofar as asserted against each of them.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the plaintiffs' cross motion which was for leave to amend their shareholders' derivative causes of action to recover damages is denied, and that branch of the motion of the defendants Paul T. Sweeney and Ron Insana which was pursuant to CPLR 3211 (a) (7) to dismiss the shareholders' derivative causes of action to recover damages insofar as asserted against them is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the appellants-respondents and the respondents, appearing separately and filing separate briefs.

This is, inter alia, a shareholders' derivative action in which the plaintiffs allege that the board of directors of Wwebnet, Inc. (hereinafter Wwebnet), diverted corporate assets for their personal gain or colluded in the diversion of assets by others. The plaintiffs asserted derivative causes of action to recover damages and for an accounting.

The defendants Wwebnet, Robert Kelly, and Tim Demers (hereinafter collectively the respondents) moved, and the defendants Paul T. Sweeney and Ron Insana (hereinafter together

the appellants-respondents) separately moved, inter alia, pursuant to CPLR 3211 (a) (7), to dismiss the shareholders' derivative causes of action on the ground that the plaintiffs had failed, as required under Business Corporation Law § 626 (c), either to plead that they had demanded that Wwebnet's directors commence this action or to plead facts demonstrating that such a demand would have been futile. The plaintiffs cross-moved, inter alia, for leave to amend their shareholders' derivative causes of action to recover damages to plead additional factual allegations relating to the issue of whether a demand would have been futile. The Supreme Court, inter alia, granted that branch of the plaintiffs' cross motion which was for leave to amend their shareholders' derivative causes of action to recover damages to plead additional factual allegations, in effect, denied that branch of the motion of the appellants-respondents which was pursuant to CPLR 3211 (a) (7) to dismiss the shareholders' derivative causes of action to recover damages insofar as asserted against them, and granted those branches of the separate motions of the appellants-respondents and the respondents which were pursuant to CPLR 3211 (a) (7) to dismiss the shareholders' derivative cause of action for an accounting insofar as asserted against each of them.

Leave to amend a pleading should be granted, provided that "the proposed amendment [is] not palpably insufficient or patently devoid of merit, and there [is] no evidence that it would prejudice or surprise the [opposing party]" (*Blue Diamond Fuel Oil Corp. v Lev Mgt. Corp.*, 103 AD3d 675, 676 [2013]; *see* CPLR 3025 [b]; *Hothan v Mercy Med. Ctr.*, 105 AD3d 905, 906 [2013]; *Maldonado v Newport Gardens, Inc.*, 91 AD3d 731, 731-732 [2012]; *see generally Lucido v Mancuso*, 49 AD3d 220 [2008]). Because the plaintiffs' proposed amendments to their derivative causes of action for damages were palpably insufficient, they should not have been permitted.

Pursuant to Business Corporation Law § 626 (c), in order to assert a derivative cause of action, in their complaint, shareholders must "set forth with particularity [their] efforts . . . to secure the initiation of such action by the board or the reasons for not making such effort" (*see Malkinzon v Kordonsky*, 56 AD3d 734, 735 [2008]; *Lewis v Akers*, 227 AD2d 595, 596 [1996]). Here, because the plaintiffs conceded that they made no demand upon the board, they were required to plead facts demonstrating that a demand would have been futile.

"Demand is futile, and excused, when the directors are incapable of making an impartial decision as to whether to bring suit" (*Bansbach v Zinn*, 1 NY3d 1, 9 [2003]; *see Malkinzon v*

*Kordonsky*, 56 AD3d at 735; *Danzy v NIA Abstract Corp.*, 40 AD3d 804, 805 [2007]). A plaintiff may satisfy this standard by alleging with particularity (1) "that a majority of the board of directors is interested in the challenged transaction," which may be based on self-interest in the transaction or a loss of independence because a director with no direct interest in the transaction is "controlled" by a self-interested director, (2) "that the board of directors did not fully inform themselves about the challenged transaction to the extent reasonably appropriate under the circumstances," or (3) "that the challenged transaction was so egregious on its face that it could not have been the product of sound business judgment of the directors" (*Marx v Akers*, 88 NY2d 189, 200-201 [1996]). However, "[t]o justify failure to make a demand, it is not sufficient to name a majority of the directors as defendants with conclusory allegations of wrongdoing or control by wrongdoers" (*Glatzer v Grossman*, 47 AD3d 676, 677 [2008]; *see Bansbach v Zinn*, 1 NY3d at 11; *Marx v Akers*, 88 NY2d at 199-200; *Lewis v Akers*, 227 AD2d at 596; *see generally Tsutsui v Barasch*, 67 AD3d 896, 898 [2009]; *Malkinzon v Kordonsky*, 56 AD3d at 735).

Although the plaintiffs' proposed amended complaint alleges that the individual defendants had a personal interest in the challenged transactions, it fails to describe the challenged transactions or to explain how any but one of the corporation's four directors would have profited from them. These "conclusory allegations of wrongdoing or control by wrongdoers" are insufficient (*Glatzer v Grossman*, 47 AD3d at 677; *see Hart v Scott*, 8 AD3d 532, 532 [2004]; *Lewis v Akers*, 227 AD2d at 596; *see generally Bansbach v Zinn*, 1 NY3d at 11; *Marx v Akers*, 88 NY2d at 199-200). Instead, to adequately plead self-interest, the complaint must set forth facts alleging that the directors "receive[d] a direct financial benefit from the transaction which is different from the benefit to shareholders generally" (*Marx v Akers*, 88 NY2d at 202). The plaintiffs have failed to satisfy this standard. Similarly, the plaintiffs' allegations that the corporation's directors made "lavish and unnecessary expenditures" and paid themselves "unwarranted salaries" are insufficient because they fail to "allege compensation rates excessive on their face or other facts which call into question whether the compensation was fair to the corporation when approved, the good faith of the directors setting those rates, or that the decision to set the compensation could not have been a product of valid business judgment" (*id.* at 203-204). Because the proposed amended complaint fails to adequately describe the challenged transactions or allege in what manner they were inappropriate, it also fails to "allege[ ] with particularity that the board of

directors did not fully inform themselves about the challenged transaction[s] to the extent reasonably appropriate under the circumstances" or that "the challenged transaction[s] [were] so egregious on [their] face that [they] could not have been the product of sound business judgment" (*id*. at 200-201). Accordingly, the plaintiffs' allegations, incorporating the proposed amendments, remained palpably insufficient, and the Supreme Court erred in determining that the plaintiffs had satisfied the standard for leave to amend a pleading (*see generally* CPLR 3025 [b]; *Hothan v Mercy Med. Ctr.*, 105 AD3d at 906; *Blue Diamond Fuel Oil Corp. v Lev Mgt. Corp.*, 103 AD3d at 676; *Maldonado v Newport Gardens, Inc.*, 91 AD3d at 731-732; *Lucido v Mancuso*, 49 AD3d 220 [2008]).

The Supreme Court properly directed the dismissal of the plaintiffs' derivative cause of action for an accounting, since they failed to allege that they demanded an accounting and that the corporation's directors refused to provide them with an accounting (*see Hart v Scott*, 8 AD3d at 532; *NAB Constr. Corp. v New York City Paper Mill*, 265 AD2d 312, 312 [1999]). Eng, P.J., Dillon, Dickerson and Sgroi, JJ., concur. **[Prior Case History: 2011 NY Slip Op 33542(U).]**