■ KYLE TAYLOR et al., Shareholders Suing in the Right of 622A PRESIDENT STREET OWNERS CORP., Respondents-Appellants, v BRETT E. WYNKOOP et al., Appellants-Respondents, and 622A PRESIDENT STREET OWNERS CORP., Respondent. [18 NYS3d 419]—

In a shareholders' derivative action, inter alia, to recover damages for breach of fiduciary duty, the defendants Brett E. Wynkoop, Kathleen Keske, and James Borland appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated November

7, 2013, as, in effect, denied that branch of their cross motion, made jointly with the defendant 622A President Street Owners Corp., which was for summary judgment dismissing the complaint, and (2) so much of an order of the same court dated January 17, 2014, as denied those branches of their cross motion which were for leave to reargue and renew that branch of their prior cross motion, made jointly with the defendant 622A President Street Owners Corp., which was for summary judgment dismissing the complaint, and for an attorney's fee pursuant to CPLR 8303-a, and the plaintiffs cross-appeal, as limited by their brief, from so much of the order dated November 7, 2013, as granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7).

Ordered that the order dated November 7, 2013, is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the appeal from so much of the order dated January 17, 2014, as denied that branch of the cross motion of the defendants Brett E. Wynkoop, Kathleen Keske, and James Borland which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated January 17, 2014, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs, payable by the defendants Brett E. Wynkoop, Kathleen Keske, and James Borland.

The plaintiffs commenced this shareholders' derivative action, inter alia, to recover damages for breach of contract and fiduciary duty. Contrary to the plaintiffs' contentions, the Supreme Court properly granted that branch of the defendants' cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint. In order to adequately plead a shareholders' derivative cause of action, in the complaint shareholders must "set forth with particularity [their] efforts . . . to secure the initiation of such action by the board or the reasons for not making such effort" (Business Corporation Law § 626 [c]; see *Walsh v Wwebnet, Inc.*, 116 AD3d 845, 846 [2014]; *Malkinzon v Kordonsky*, 56 AD3d 734, 735 [2008]; *Lewis v Akers*, 227 AD2d 595, 596 [1996]). Such "[d]emand is futile, and excused, when the directors are incapable of making an impartial decision as to whether to bring suit" (*Bansbach v Zinn*, 1 NY3d 1, 9 [2003]; see *Malkinzon v Kordonsky*, 56 AD3d at 735; *Danzy v NIA Abstract Corp.*, 40 AD3d 804, 805 [2007]). Demand is excused because of futility when a complaint alleges with particularity (1) "that a majority of the board of

directors is interested in the challenged transaction," which may be based on self-interest in the transaction or a loss of independence because a director with no direct interest in the transaction is "controlled" by a self-interested director, (2) "that the board of directors did not fully inform themselves about the challenged transaction to the extent reasonably appropriate under the circumstances," or (3) "that the challenged transaction was so egregious on its face that it could not have been the product of sound business judgment of the directors" (*Marx v Akers*, 88 NY2d 189, 200-201 [1996] [internal quotation marks omitted]). However, "[t]o justify failure to make a demand, it is not sufficient to name a majority of the directors as defendants with conclusory allegations of wrongdoing or control by wrongdoers" (*Glatzer v Grossman*, 47 AD3d 676, 677 [2008]; *see Bansbach v Zinn*, 1 NY3d at 11; *Marx v Akers*, 88 NY2d at 199-200; *Lewis v Akers*, 227 AD2d at 596).

Here, the plaintiffs failed to adequately plead that they made a sufficient demand, or that any demand would have been futile (*see Walsh v Wwebnet, Inc.*, 116 AD3d at 846; *JAS Family Trust v Oceana Holding Corp.*, 109 AD3d 639, 642 [2013]; *Ocelot Capital Mgt., LLC v Hershkovitz*, 90 AD3d 464, 465 [2011]; *Glatzer v Grossman*, 47 AD3d at 677; *Lewis v Akers*, 227 AD2d at 596).

Contrary to the contention of the defendants Brett E. Wynkoop, Kathleen Keske, and James Borland (hereinafter collectively the individual defendants), the Supreme Court properly denied that branch of their cross motion, made jointly with the defendant 622A President Street Owners Corp., which was for summary judgment dismissing the complaint. Under the circumstances presented, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging breach of contract (*see Blagio Rest., Inc. v C.E. Props., Inc.*, 127 AD3d 1006, 1007-1008 [2015]; *New Plan of Hillside Vil., LLC v Surrette*, 108 AD3d 512, 513 [2013]; *see also Aquatic Pool & Spa Servs., Inc. v WN Weaver St., LLC*, 129 AD3d 872, 874 [2015]).

The defendants also failed to establish their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging breach of fiduciary duty. The complaint alleges, inter alia, that the individual defendants improperly acted as corporate officers without authority, improperly misappropriated funds of the subject cooperative corporation, prevented the conduct of proper corporate governance and elections of directors and officers of the cooperative corporation, and refused to disclose financial information to the plaintiffs,

who are shareholders in the cooperative corporation. In support of their cross motion, the defendants failed to submit evidence affirmatively showing that no such breaches of fiduciary duty occurred or that the actions of the individual defendants were protected by the business judgment rule (*see Mobarak v Mowad*, 117 AD3d 998, 1000 [2014]; *see also Gjuraj v Uplift El. Corp.*, 110 AD3d 540, 541 [2013]; *Armentano v Paraco Gas Corp.*, 90 AD3d 683, 686 [2011]).

The Supreme Court providently exercised its discretion in denying that branch of the individual defendants' cross motion which was for leave to renew that branch of their prior cross motion, made jointly with the defendant 622A President Street Owners Corp., which was for summary judgment dismissing the complaint (*see* CPLR 2221 [e] [2]; *Bauman v Ottaviano*, 126 AD3d 742 [2015]; *Loverde v Gill*, 108 AD3d 748 [2013]; *Blume v A & R Fuels, Inc.*, 32 AD3d 811 [2006]). The individual defendants failed to demonstrate that the new evidence would have changed the prior determination.

The individual defendants' remaining contentions are without merit or are not properly before this Court. Rivera, J.P., Balkin, Leventhal and Dickerson, JJ., concur.

---

Motion by the appellants-respondents on an appeal from an order of the Supreme Court, Kings County, dated January 17, 2014, and an appeal and a cross appeal from an order of the same court dated November 7, 2013, in effect, to dismiss stated portions of the cross appeal on the ground they have been rendered academic. By decision and order on motion of this Court dated June 11, 2015, the motion was held in abeyance and referred to the panel of Justices hearing the appeals and cross appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals and cross appeal, it is

Ordered that the motion is denied. Rivera, J.P., Balkin, Leventhal and Dickerson, JJ., concur.