**Sawyer v 1120 Fifth Ave. Corp.**

2026 NY Slip Op 30987(U)

March 17, 2026

Supreme Court, New York County

Docket Number: Index No. 154090/2021

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. PAUL A. GOETZ**                    PART                    47

_Justice_

------------------------------------------------------------------------------X

ELIZABETH SAWYER,                                      INDEX NO.        154090/2021

                              Plaintiff,              MOTION DATE      10/25/2023

                    - v -                              MOTION SEQ. NO.      002

1120 FIFTH AVENUE CORPORATION, BOARD OF
DIRECTORS OF 1120 FIFTH AVENUE CORPORATION,
JOHN BREGLIO, KATHRYN BREGMAN, DAVID
CLOSSEY, ELLEN CONRAD, MICHAEL FELDBERG,              **DECISION + ORDER ON
LINDA GELFOND, STEPHEN GREENBERG, WILLIAM                   MOTION**
HAINES, MARY MORGAN, ROBERT ERNSTOFF

                              Defendants.

------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 80, 81, 82, 83, 86, 112, 113, 114, 138, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162

were read on this motion to/for              JUDGMENT - SUMMARY              .

In this action between a shareholder-tenant and a Coop Board, defendants 1120 Fifth

Avenue Corporation (the "Coop"), the Board of Directors of the Coop (the "Board"), and John

Breglio, Kathryn Bregman, David Clossey, Ellen Conrad, Michael Feldberg, Linda Gelfond,

Stephen Greenberg, William Haines, Mary Morgan, and Robert Ernstoff (collectively, the

Individual Defendants) move pursuant to CPLR § 3212 for partial-summary judgment seeking to

dismiss plaintiff's seventh cause of action, brought as a derivative cause of action for breach of

fiduciary duty.

## BACKGROUND

The Coop owns the cooperative apartment building located at 1120 Fifth Avenue, New

York, New York 10128 (NYSCEF Doc No 161 ¶ 1). In 1995, plaintiff's husband, Clifford Press

("Press"), and plaintiff became the proprietary lessees of Apartment 2A (the "Apartment") and

[* 1]

purchased 340 shares of stock in the Coop (*id*. at ¶ 2), pursuant to a proprietary lease agreement with the Coop, dated February 13, 1995 (*id*. at ¶ 3). On October 17, 2003, Press assigned and transferred his interest in the Apartment to his wife, plaintiff, who then became the sole proprietary lessee of the Apartment (*id*. at ¶ 4). In connection with the Assignment, plaintiff was issued a Stock Certificate evidencing plaintiff's sole ownership of the 340 shares in the Coop (*id*. at ¶ 7).

In the complaint, plaintiff alleges that the Board, of which the Individual Defendants all sit on, or have sat on, have run the Co-op in a way to promote their own self-interests rather than in the best interests of the Co-op and its shareholders (NYSCEF Doc 53 ¶ 15). Plaintiff alleges that the Board awarded an elevator contract to a company owned by the cousin of the president of the board John Breglio (*id*. at ¶ 24). Plaintiff further alleges that the Board engaged in expensive litigation which resulted in increased insurance costs.

## DISCUSSION

Defendants argue that the seventh cause of action, a derivative cause of action for breach of fiduciary duty, as against the Board and Individual Defendants must be dismissed because the plaintiff did not comply with the statutory requirement that prior to the filing of a complaint, she must have made a demand on the Board to take action, or set forth in the complaint why a demand would be futile. Plaintiff argues that this motion is premature as discovery is still ongoing. They also argue that even if the court was to find that the motion was not premature, that the derivative action has been properly pled and that the investigation undertaken by the Special Litigation Committee was inadequate.

*Inadequacy of Pleading*

As an initial matter, defendants' argument that plaintiff' complaint does not set forth why a demand would be futile will be analyzed under CPLR § 3211(a)(7), rather than under CPLR § 3212 since by arguing that the complaint is deficient, defendants posit that plaintiff has failed to state a cause of action on which the relief sought can be granted (*see Bansbach v Zinn*, 1 NY3d 1 [2003] [analyzing whether plaintiff's allegations sufficiently stated that demand upon board would be futile, under a CPLR § 3211(a)(7) standard]).

When reviewing a "motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), [courts] must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every reasonable inference, and determine only whether the facts, as alleged fit within any cognizable legal theory" (*Bangladesh Bank v Rizal Commercial Banking Corp.*, 226 AD3d 60, 85-86 [1st Dept 2024] [internal quotations omitted]). "In making this determination, [a court is] not authorized to assess the merits of the complaint or any of its factual allegations" (*id*. at 86 [internal quotations omitted]). "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (*Connaughton v Chipotle Mexican Grill, Inc*., 29 NY3d 137, 142 [2017]). Furthermore, "[i]n opposition to a CPLR 3211 motion, a plaintiff may submit an affidavit in order to remedy defects in the complaint, and the allegations contained therein, like the allegations contained in the complaint, are deemed to be true for the purposes of the motion" (*Robinson v Jamaica Hosp. Med. Ctr.*, 240 AD3d 534, 536 [2d Dept 2025]).

*Derivative Claim*

Business Corporation Law § 626 provides the statutory authority to bring a derivative action (*Caprer v Nussbaum*, 36 AD3d 176, 186 [2d Dept 2006]). Therefore, "the capacity of shareholders in a cooperative apartment building to bring a derivative action is without question since cooperatives are organized as corporations under the Business Corporation Law" (*id*. at 187). Business Corporation Law § 626 (BCL § 626) states:

> (a) An action may be brought in the right of a domestic or foreign corporation to procure a judgment in its favor, by a holder of shares or of voting trust certificates of the corporation or of a beneficial interest in such shares or certificates.
> …
> (c) In any such action, the complaint shall set forth with particularity the efforts of the plaintiff to secure the initiation of such action by the board or the reasons for not making such effort.

The requirement that a demand on the board to take action is grounded in the "basic principles of corporate control—that the management of the corporation is entrusted to its board of directors, who have primary responsibility for acting in the name of the corporation and who are often in a position to correct alleged abuses without resort to the courts" (*Bansbach v Zinn*, 1 NY3d 1, 8-9 [2003]). "The demand requirement thus relieves courts of unduly intruding into matters of corporate governance by first allowing the directors themselves to address the alleged abuses" (*id*. at 9). "The requirement also provides boards with reasonable protection from harassment on matters clearly within their discretion, and it discourages 'strike suits' commenced by shareholders for personal rather than corporate benefit" (*id*.).

However, a shareholder is excused of making a demand to the board "when the directors are incapable of making an impartial decision as to whether to bring suit" (*id*.). The three circumstances where a demand is excused are:

1. Demand is excused because of futility when a complaint alleges with particularity that a majority of the board of directors is interested in the challenged transaction. Director interest may either be self-interest in the transaction at issue or a loss of independence because a director with no direct interest in a transaction is "controlled" by a self-interested director.

2. Demand is excused because of futility when a complaint alleges with particularity that the board of directors did not fully inform themselves about the challenged transaction to the extent reasonably appropriate under the circumstances. The "long-standing rule" is that a director "does not exempt himself from liability by failing to do more than passively rubber-stamp the decisions of the active managers"

3. Demand is excused because of futility when a complaint alleges with particularity that the challenged transaction was so egregious on its face that it could not have been the product of sound business judgment of the directors

(*Marx v Akers*, 88 NY2d 189, 200 [1996] [internal quotation marks and citations removed]).

"To justify failure to make a demand, it is not sufficient to name a majority of the directors as defendants with conclusory allegations of wrongdoing or control by wrongdoers" (*Glatzer v Grossman*, 47 AD3d 676, 677 [2d Dept 2008]). "Instead, to adequately plead self-interest, the complaint must set forth facts alleging that the directors receive[d] a direct financial benefit from the transaction" or that they were controlled by a director who did have a direct benefit (*Walsh v Wwebnet, Inc.*, 116 AD3d 845, 847 [2d Dept 2014]).

Here, plaintiff's complaint, as supplemented by her affirmation, alleges that the Board awarded an elevator modernization contract to a company owned by then Board president, John Breglio's cousin (NYSECF Doc No 140 ¶¶ 16-18). Plaintiff further alleges that she made multiple requests to the Board to inspect records and documents relating to among other things, the elevator contract, Directors and Officers insurance, board membership tenure, annual meetings, directors elections, as well as communications with her mortgage lender about fees plaintiff allegedly owed to the Co-op (*id*. at ¶ 7). Plaintiff alleges that these requests were consistently denied, forcing her to file an article 78 proceeding (*id*. at ¶¶ 35-36). Plaintiff further

alleges that the relationship between her and the Board had deteriorated to such a degree that at an annual shareholder's meeting, Breglio gave a speech disparaging plaintiff and her family, and encouraging the Board to take action against her (*id*. at ¶¶ 43-44). Plaintiff alleges that several sitting Board members applauded at the end of the speech, leading plaintiff to conclude that any request to the Board to take action would be futile (*id*. at ¶ 44-45).

Considering that courts must accept the allegations in the complaint, as supplemented by plaintiff affirmations, as true on a CPLR 3211(a)(7) motion, plaintiff has sufficiently alleged that any attempt to have the board initiate a shareholder action on her behalf would be futile (*see Bansbach v Zinn*, 258 AD2d 710, 712 [3d Dept 1999] (["Director interest', in turn, 'may either be self-interest in the transaction at issue or a loss of independence because a director with no direct interest in a transaction is 'controlled' by a self-interested director'"] [*quoting Marx v Akers*, 88 NY2d 189, 200-201 [1996]). Accordingly, the derivative action will not be dismissed.

*Special Litigation Committee Investigation*

Defendants also argue that because the Board appointed a Special Litigation Committee, that conducted an investigation and found plaintiff's derivative claim meritless, that the derivative claim must be dismissed (*see Lichtenberg v Zinn*, 260 AD2d 741 [3d Dept 1999]). Sincer the findings of a Special Litigation Committee are subject to the protections of the business judgment rule, courts reviewing the committee's actions are limited to an "inquiry into their disinterested independence, or the adequacy and appropriateness of the committee's investigative procedures and methodologies" (*Rosen v Bernard*, 108 AD2d 906, 907 [2d Dept 1985]). Plaintiff argues that this portion of the motion is premature as it was brought while there was still significant discovery outstanding. As of this date discovery is nearly complete (*see* NYSCEF Doc No 439). Therefore, the claim will not be dismissed at this juncture, and

defendants will be granted leave to renew their arguments made here on a post note of issue

summary judgment motion.

Accordingly, it is

ORDERED that the motion is denied, without prejudice to bringing a summary judgment

motion following the filing of the note of issue.

20260317155719PGOETZ4AC9B9BD8C90403491FD987C2B4208EC

| 3/17/2026 | | | | PAUL A. GOETZ, J.S.C. | |
|-----------|--|--|--|------------------------|--|
| **DATE** | | | | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 7]