■ KEVIN D. SHEA et al., Appellants, v HAMBRO AMERICA INCORPORATED et al., Respondents. [606 NYS2d 198] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered July 23, 1992, which, insofar as appealed from, granted the defendants' motion to dismiss, pursuant to CPLR 3211 (a) (7), the sixth and seventh causes of action of the complaint only to the extent of dismissing plaintiff Shea's individual causes of action therein; dismissed that portion of the eighth cause of action which sought damages for the alleged breach of a purported oral shareholder voting agreement; dismissed that portion of the ninth cause of action for tortious interference with contract against defendants N. Price Paschall ("Paschall") and Neil H. Powell, Jr. ("Powell"), and which referred to a Special Referee the motion by defendant Hambros PLC pursuant to CPLR 3211 (a) (8) to dismiss the complaint as against Hambros PLC for lack of jurisdiction, unanimously affirmed, with costs.

The IAS Court properly dismissed, for lack of standing, plaintiff Shea's individual claims, seeking to recover sums purportedly due from defendant Hambro America Incorporated to plaintiff SPM Associates on a promissory note and guarantee as set forth in the sixth and seventh causes of action, where, as here, plaintiff Shea named himself in an individual, rather than in a representative capacity, with respect to those claims, since it is settled that a partnership cause of action belongs only to the partnership itself or to the partners jointly, and that an individual member of the partnership may only sue and recover on a partnership obligation

on the partnership's behalf *(Stevens v St. Joseph's Hosp.,* 52 AD2d 722).

Nor did the IAS Court err in dismissing that portion of the eighth cause of action which sought damages against defendant Paschall for the alleged breach of a purported oral shareholder voting agreement between plaintiff Shea and defendant Paschall, since the record reveals that the purported agreement was not in writing, as specifically mandated by New York Business Corporation Law § 620 (a), which requires that all voting agreements between shareholders be in writing and signed by the parties to the agreement in order to be valid and enforceable.

That portion of the ninth cause of action for tortious interference with contract as against defendants Paschall and Powell was also properly dismissed because they were signatories to the 1989 Operating Agreement which formed the basis for the interference claim *(Koret, Inc. v Christian Dior, S.A.,* 161 AD2d 156, 157, *lv denied* 76 NY2d 714). Recovery for tortious interference is not permitted absent a showing that those defendants intended to harm plaintiff Shea without economic or other lawful excuse or justification *(Sun Ref. & Mktg. Co. v McInerney,* 139 AD2d 505, 506, *lv dismissed* 73 NY2d 809).

Finally, the IAS Court did not err in directing a reference as to whether the complaint should be dismissed as against defendant Hambros PLC, the parent company of defendant Hambro America Incorporated and a holding company organized under the laws of the United Kingdom, for lack of jurisdiction, because the sharply conflicting affidavits submitted by the parties with respect to whether Hambros PLC is subject to long-arm jurisdiction pursuant to CPLR 302 (a) (1) for "doing business" in New York *(see, Frummer v Hilton Hotels Intl.,* 19 NY2d 533) and whether the parent-subsidiary relationship between Hambros PLC and Hambro America Incorporated was sufficient to establish personal jurisdiction over the foreign parent *(see, Taca Intl. Airlines v Rolls-Royce of England,* 15 NY2d 97), required a jurisdictional hearing *(see, Cato Show Print. Co. v Lee,* 84 AD2d 947, 949). Concur—Murphy, P. J., Kupferman, Asch and Nardelli, JJ.