■ IDEAL STEEL SUPPLY CORP., Appellant, v JOSEPH V. ANZA et al., Respondents. [882 NYS2d 190]—

In an action, inter alia, to recover damages for fraud and negligent misrepresentation, the plaintiff appeals, as limited by its brief, from so much of two orders of the Supreme Court, Queens County (Grays, J.), each dated January 16, 2008, as granted those branches of the defendants' separate motions which were pursuant to CPLR 3211 (a) (7) to dismiss the fourth and fifth causes of action of the amended complaint insofar as asserted against each of them.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

The Supreme Court properly granted those branches of the defendants' separate motions which were to dismiss the fourth cause of action of the amended complaint alleging fraud. The plaintiff failed to adequately allege justifiable reliance and damages resulting therefrom (*see Ozelkan v Tyree Bros. Envtl. Servs., Inc.,* 29 AD3d 877 [2006]; *Giurdanella v Giurdanella,* 226 AD2d 342 [1996]). To plead reliance, the plaintiff was required to allege that it was induced to act or refrain from acting to its detriment by virtue of the false representation (*see Shea v Hambros PLC,* 244 AD2d 39, 46 [1998]). While the plaintiff asserts that it was only required to retain an expert to analyze certain financial documents provided by the defendants because those documents contained false representations, the

plaintiff retained its expert to analyze those documents prior to their receipt. Accordingly, the plaintiff failed to allege that its expert expenditure resulted from the false representation and would not otherwise have been incurred (*see Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc.,* 88 AD2d 461, 468 [1982]; *cf. 164 Mulberry St. Corp. v Columbia Univ.,* 4 AD3d 49 [2004]).

The Supreme Court properly granted those branches of the defendants' separate motions which were to dismiss the fifth cause of action of the amended complaint alleging negligent misrepresentation. The plaintiff failed to allege reasonable reliance and the existence of privity or a relationship approaching privity between it and either of the defendants (*see J.A.O. Acquisition Corp. v Stavitsky,* 8 NY3d 144, 148 [2007]; *Parrott v Coopers & Lybrand,* 95 NY2d 479, 484 [2000]). There are no allegations of any conduct by the defendants linking them to the plaintiff and evincing their understanding of any reliance on the part of the plaintiff (*see Credit Alliance Corp. v Arthur Andersen & Co.,* 65 NY2d 536, 551 [1985]; *Securities Inv. Protection Corp. v BDO Seidman,* 95 NY2d 702, 711 [2001]; *cf. Kimmell v Schaefer,* 89 NY2d 257, 261 [1996]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Dillon, Belen and Hall, JJ., concur.