■ GERMAN DEL POZO, Appellant, v IMPRESSIVE HOMES, INC., et al., Defendants, and CAMBRIDGE FUNDING GROUP, LLC, et al., Respondents. [927 NYS2d 601]—

The Supreme Court properly determined that the defendants Cambridge Funding Group, LLC, and Remark Development Corp. (hereinafter together the defendants) established their prima facie entitlement to summary judgment dismissing the cause of action to recover damages for encumbering the property with knowledge that a notice of pendency had been filed, in effect, on the ground that it does not state a cognizable cause of action to recover damages against the defendants. While a purchaser or encumbrancer whose interest in property is acquired after the filing of a notice of pendency is bound by all proceedings taken in the action (see CPLR 6501), a notice of pendency does not serve to create rights (see 2386 Creston Ave. Realty, LLC v M-P-M Mgt. Corp., 58 AD3d 158, 161 [2008]) which would give rise to a viable claim to recover damages against a subsequent mortgagee. In addition, in support of their motion for summary judgment, the defendants submitted evidentiary proof establishing, prima facie, that the mortgages they previously held on the subject property were satisfied in full and discharged of record prior to the filing of the second amended complaint, and thus did not encumber the property. In opposition to this showing, the plaintiff failed to raise a triable issue of fact by offering evidence to refute the defendants' prima

facie showing that they do not hold mortgages encumbering the property, or demonstrating that the recording of the now-discharged mortgages caused him to suffer any damages. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for encumbering the property with knowledge that a notice of pendency had been filed, insofar as asserted against them.

To the extent that the complaint asserts a cause of action for specific performance against the defendants, it was also properly dismissed insofar as asserted against them. The defendants established, prima facie, that they were not parties to a 2002 contract between the plaintiff and the defendant Impressive Homes, Inc., for the sale of the subject property, and hold no interest in the property. In opposition, the plaintiff failed to raise a triable issue of fact. Thus, the Supreme Court properly granted summary judgment dismissing the cause of action for specific performance insofar as asserted against the defendants.

In view of our determination, we need not reach the issue of whether the County Clerk's failure to index the plaintiff's notice of pendency rendered it ineffective. Covello, J.P., Eng, Leventhal and Cohen, JJ., concur. **[Prior Case History: 2010 NY Slip Op 31219(U).]**