[970 NE2d 864, 947 NYS2d 829]

IDX CAPITAL, LLC, et al., Appellants, et al., Plaintiffs, v PHOENIX PARTNERS GROUP LLC et al., Respondents, et al., Defendants.

Argued April 24, 2012; decided May 31, 2012

■■■■■■■■■

## APPEARANCES OF COUNSEL

*Olshan Grundman Frome Rosenzweig & Wolosky LLP*, New York City (*Jeffrey A. Udell* of counsel), for IDX Capital, LLC, and another, appellants.

*Graubard Miller*, New York City (*Lawrence D. Bernfeld* of counsel), for Brady Halper, appellant.

*Nixon Peabody LLP*, New York City (*Frank H. Penski* of counsel), *John F. Bolton* and *Christopher J. Porzio*, for respondents.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division, insofar as appealed from, should be affirmed, with costs.

IDX Capital, LLC and its principals, James Cawley and Brady Halper, commenced this action against, among others, Phoenix Partners Group LLC, Phoenix Partners Group LP, Nicholas Stephan and Marcos Brodsky, for tortious interference with prospective business relations and aiding and abetting breach of fiduciary duty arising from defendants' alleged participation in derailing IDX Capital's acquisition by a third party. Plaintiffs asserted a separate claim against Stephan for injunctive relief relative to a settlement agreement he had previously entered into with Cawley. Supreme Court denied defendants' motion for summary judgment. The Appellate Division, with two Justices dissenting, modified and, as pertains to this appeal, dismissed the second verified amended complaint as against the Phoenix entities, Stephan and Brodsky (83 AD3d 569 [1st Dept 2011]).

We affirm. In response to defendants' prima facie showing of entitlement to summary judgment, plaintiffs failed "to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact" as to whether Stephan and

Brodsky participated in codefendant Wesley Wang's admitted campaign to interfere with the proposed acquisition, the Phoenix entities should be held vicariously liable for Wang's conduct, or Cawley was entitled to injunctive relief (*see e.g. Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

Order, insofar as appealed from, affirmed, etc.