■ SIGNATURE BANK, Respondent, v HOLTZ RUBENSTEIN REMINICK, LLP, Appellant. [970 NYS2d 281]—

In an action, inter alia, to recover damages for negligent misrepresentation, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered August 16, 2012, as denied that branch of its motion which was pursuant to CPLR 3211 (a) (7) and 3016 (b) to dismiss the cause of action to recover damages for negligent misrepresentation.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) and 3016 (b) to dismiss the cause of action to recover damages for negligent misrepresentation is granted.

The plaintiff commenced this action against the defendant, an accounting firm, to recover damages for, among other things, negligent misrepresentation. The complaint alleged that the defendant audited certain year-end financial statements of

nonparty Quality Food Brands, Inc. (hereinafter Quality), and related companies. The complaint further alleged that in December 2009, the plaintiff, relying upon the audited financial reports prepared by the defendant, extended a term note to Quality in the principal sum of $10,000,000. The complaint alleged that Quality thereafter filed a petition under chapter 7 of the United States Bankruptcy Code (11 USC), and that the plaintiff only then learned of various false and misleading statements contained in the audited financial reports. In the order appealed from, the Supreme Court denied that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) and CPLR 3016 (b) to dismiss the cause of action to recover damages for negligent misrepresentation.

In determining a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Where, as here, a cause of action is based upon misrepresentation, "the circumstances constituting the wrong shall be stated in detail" (CPLR 3016 [b]; *see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 178 [2011]).

In certain circumstances, accountants may be held liable for negligent misrepresentations made to third parties with whom they have no contractual relationship, but who have relied to their detriment on inaccurate financial statements prepared by the accountant (*see Health Acquisition Corp. v Program Risk Mgt., Inc.*, 105 AD3d 1001, 1003 [2013], citing *Credit Alliance Corp. v Arthur Andersen & Co.*, 65 NY2d 536, 551 [1985]; *see Caprer v Nussbaum*, 36 AD3d 176, 196 [2006]). In order to establish such liability, the relationship between the accountant and the party must be found to approach privity, through a showing that the following prerequisites are satisfied: "(1) the accountants must have been aware that the financial reports were to be used for a particular purpose or purposes; (2) in the furtherance of which a known party or parties was intended to rely; and (3) there must have been some conduct on the part of the accountants linking them to that party or parties, which evinces the accountants' understanding of that party or parties' reliance" (*Credit Alliance Corp. v Arthur Andersen & Co.*, 65 NY2d at 551; *see Sykes v RFD Third Ave. 1 Assoc., LLC*, 15 NY3d 370, 372-373 [2010]).

Here, the allegations supporting the cause of action to recover damages for negligent misrepresentation do not satisfy the third

*Credit Alliance* prong. Viewing the complaint in the light most favorable to the plaintiff, as amplified by the evidence submitted by the plaintiff in opposition to the defendant's motion, the complaint failed to allege some conduct by the defendant "linking" it to the plaintiff which evinced the defendant's understanding of the plaintiff's reliance (*see Credit Alliance Corp. v Arthur Andersen & Co.*, 65 NY2d at 553-554; *Houbigant, Inc. v Deloitte & Touche*, 303 AD2d 92, 98 [2003]; *LaSalle Natl. Bank v Ernst & Young*, 285 AD2d 101 [2001]). Accordingly, the Supreme Court should have granted the subject branch of the defendant's motion.

The plaintiff's request for certain affirmative relief is not properly before this Court since it did not cross-appeal from the order appealed from (*see Hecht v City of New York*, 60 NY2d 57, 61 [1983]; *Magel v John T. Mather Mem. Hosp.*, 95 AD3d 1081 [2012]). Angiolillo, J.P., Balkin, Leventhal and Chambers, JJ., concur.