■ PARKLEX ASSOCIATES, Appellant, v ROYAL CAPITAL MARKETS CORPORATION et al., Respondents. [989 NYS2d 51]—

In an action, inter alia, to recover damages for aiding and abetting a breach of fiduciary duty, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Demarest, J.), dated July 30, 2012, as converted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the causes of action to recover damages for aiding and abetting a breach of fiduciary duty into one for summary judgment dismissing those causes of action and thereupon granted that branch of the motion, and denied that branch of its cross motion which was for summary judgment on those causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court, upon converting that branch of the defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the causes of action to recover damages for aiding and abetting a breach of fiduciary duty into one for summary judgment dismissing those causes of action, properly granted that branch of the motion, and properly denied that branch of the plaintiff's cross motion which was for summary judgment on those causes of action. The defendants established their prima facie entitlement to judgment as a matter of law dismissing those causes of action by adducing evidence demonstrating that they did not knowingly induce or participate in any breach of fiduciary duty allegedly perpetrated by the president of the plaintiff's general partner against the plaintiff (*see Roni LLC v Arfa*, 15 NY3d 826 [2010]; *Baron v Galasso*, 83 AD3d 626 [2011]; *Global Mins. & Metals Corp. v Holme*, 35 AD3d 93, 101 [2006]; *Kaufman v Cohen*, 307 AD2d 113, 125 [2003]). In opposition to this prima facie showing, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

For the same reasons, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law on the subject causes of action. Skelos, J.P., Leventhal, Chambers and Maltese, JJ., concur.