Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about August 19, 2014, which, insofar as appealed from, denied the motion of defendant, Lemle & Wolfe, Inc. (Lemle), to dismiss the causes of action for an accounting and breach of contract, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.
Nonparty Bremond Houses Associates, L.R (Bremond LP) is a limited partnership, with plaintiff Bremond Houses, Inc. (Bremond Inc.) being its general partner, and another entity being its limited partner. As alleged, Bremond LP owns certain properties, and Lemle had been retained to serve as the managing agent of those properties, pursuant to a management agreement contract (management agreement) which was entered into by Lemle and Bremond LP. Claiming that Lemle had misappropriated funds that it collected in connection with its management of the properties, Bremond Inc. commenced this action “Individually and as General Partner of Bremond Houses Associates, L.P.” seeking, inter alia, an accounting and damages for breach of contract.
The claims brought by Bremond Inc. in its individual capacity should have been dismissed. The management agreement, from which the claims for an accounting and breach of contract arose, was between only Bremond LP and Lemle. Thus, Bremond Inc. failed to allege a relationship, let alone a fiduciary relationship, between itself and Lemle that would support a claim for an accounting (see e.g. Kazi v General Elec. Capital Bus. Asset Funding Corp. of Conn., 116 AD3d 592 [1st Dept 2014]; Zyskind v FaceCake Mktg. Tech., Inc., 110 AD3d 444, 446 [1st Dept 2013]). Not being a party to the management agreement, Bremond Inc. also has no standing to sue for breach of that contract (see Bullock v Alhadeff, 128 AD3d 451[1st Dept 2015]; 2470 Cadillac Resources, Inc. v DHL Express [USA], Inc., 84 AD3d 697, 698 [1st Dept 2011], lv dismissed 18 NY3d 921 [2012]).
Nevertheless, as the general partner, Bremond Inc. may bring the claims on Bremond LP’s behalf (see Partnership Law § 115; Shea v Hambro Am., 200 AD2d 371, 371-372 [1st Dept *585 1994]; Kirschbaum v Merchants Bank of N.Y., 272 App Div 336 [1st Dept 1947]). Further, the allegations and the management agreement showing that Lemle was entrusted with the handling of the finances of the properties, among other things, establishes a fiduciary relationship sufficient to support a claim for an accounting (see Fitzpatrick House III, LLC v Neighborhood Youth & Family Servs., 55 AD3d 664 [2d Dept 2008]; Caprer v Nussbaum, 36 AD3d 176, 192-193 [2d Dept 2006]). The record also sufficiently shows that the partnership has a viable breach of contract claim based on Lemle’s alleged breach of the management agreement.
However, under the circumstances presented, including the parties’ dispute as to whether Bremond Inc. may properly bring this action, and the fact that Bremond Inc. was removed as the general partner during the pendency of the action, we dismiss the claims brought on behalf the limited partnership without prejudice to the partnership re-serving a complaint reflecting a proper title.
Concur — Tom, J.P., Renwick, Moskowitz, Manzanet-Daniels and Feinman, JJ.