■ Robbie Vaughn, Appellant, v Veolia Transportation, Inc., Doing Business as Golden Touch Transportation of NY, Inc., et al., Respondents. [30 NYS3d 230]—

In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Sampson, J.), entered April 13, 2015, which granted the defendants' motion for summary judgment dismissing the cause of action to recover damages pursuant to General Municipal Law § 205-e.

Ordered that the order is reversed, on the law, with costs,

and the defendants' motion for summary judgment dismissing the cause of action to recover damages pursuant to General Municipal Law § 205-e is denied.

The plaintiff, a Police Officer for the Port Authority of New York and New Jersey, allegedly sustained personal injuries when he slipped and fell as he was descending the stairs of a shuttle bus owned and operated by the defendant Veolia Transportation, Inc. (hereinafter Veolia), while on the Delta Airlines tarmac at LaGuardia Airport.

The plaintiff first commenced an action against Veolia, asserting a single cause of action alleging negligence. More than one year later, the plaintiff commenced a second action, naming both Veolia and the defendant Delta Air Lines, Inc., as defendants (hereinafter together the defendants), and asserting two causes of action, one to recover damages for negligence, and the other to recover damages pursuant to General Municipal Law § 205-e. The two actions were thereafter consolidated.

As a result of prior motion practice, by order entered September 11, 2012, the Supreme Court directed the dismissal of the negligence cause of action only. Upon reargument, by order entered April 5, 2013, the court directed the dismissal of the entire consolidated complaint. On appeal from the order entered April 5, 2013, this Court reversed, thus leaving undisturbed the order entered September 11, 2012. We noted that, under the circumstances, the general proscription against successive summary judgment motions would not bar the defendants from moving for summary judgment dismissing the General Municipal Law § 205-e cause of action (*see Vaughn v Veolia Transp., Inc.*, 117 AD3d 939 [2014]). Thereafter, the defendants moved for that relief, and the Supreme Court granted the motion. We reverse.

General Municipal Law § 205-e (1) states, in part, that a police officer may maintain an action to recover damages for personal injuries sustained "directly or indirectly as a result of any neglect, omission, willful or culpable negligence of any person or persons in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments." To establish a cause of action under General Municipal Law § 205-e, a police officer plaintiff must (1) identify the statute or ordinance with which the defendant failed to comply, (2) describe the manner in which the police officer was injured, and (3) set forth those facts from which it may be inferred that the defendant's negligence directly or indirectly caused the

harm (*see Williams v City of New York*, 2 NY3d 352, 363 [2004]; *Giuffrida v Citibank Corp.*, 100 NY2d 72, 79 [2003]; *Kelly v City of New York*, 134 AD3d 676 [2015]; *Gammons v City of New York*, 109 AD3d 189, 203 [2013], *affd* 24 NY3d 562 [2014]).

While the ultimate burden of proof at trial will fall upon the plaintiff, a defendant seeking summary judgment bears the initial burden of demonstrating its entitlement to judgment as a matter of law by submitting evidentiary proof in admissible form (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the General Municipal Law § 205-e cause of action (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Contrary to the Supreme Court's determination, the dismissal of the plaintiff's common-law negligence cause of action was not fatal, as a matter of law, to his General Municipal Law § 205-e cause of action. In order to recover under General Municipal Law § 205-e, the statute does not mandate that the plaintiff establish general negligence, but rather, negligence of any person in "failing to comply" with the requirements of, inter alia, a regulation (General Municipal Law § 205-e), or " 'negligent noncompliance with a requirement found in a well-developed body of law and regulation that imposes clear duties' " (*Williams v City of New York*, 2 NY3d at 364, quoting *Galapo v City of New York*, 95 NY2d 568, 574 [2000]; *see Gammons v City of New York*, 109 AD3d at 196-197). Furthermore, while the plaintiff alleged in his consolidated complaint that the defendants violated certain identified regulations, the defendants failed to affirmatively demonstrate in their submissions to the Supreme Court that these regulations were not breached. A defendant's prima facie burden on a motion for summary judgment cannot be met by pointing to gaps in the plaintiff's case (*see Gammons v City of New York*, 109 AD3d at 203).

Because the defendants failed to establish their prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied the motion without regard to the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The parties' remaining contentions need not be reached in light of our determination. Chambers, J.P., Cohen, Duffy and Connolly, JJ., concur.