■ THOMAS J. SPOTA, District Attorney of Suffolk County, Respondent, v VINCENT LOVE et al., Appellants. [30 NYS3d 884]—

In a civil forfeiture action pursuant to CPLR article 13-A, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated January 16, 2014, as denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

"[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "[A] party does not carry its burden in moving for summary judgment by pointing to gaps in its opponent's proof, but must affirmatively demonstrate the merit of

its claim or defense" (*River Ridge Living Ctr., LLC v ADL Data Sys., Inc.*, 98 AD3d 724, 726 [2012] [internal quotation marks omitted]). A party's failure to make a prima facie showing of entitlement to judgment as a matter of law requires denial of the motion, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Here, in cross-moving for summary judgment dismissing the complaint, the defendants failed to make a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Shapiro v Health Ins. Plan of Greater N.Y.*, 7 NY2d 56, 63 [1959]; *River Ridge Living Ctr., LLC v ADL Data Sys., Inc.*, 98 AD3d at 726). Since the defendants failed to meet their initial burden as the movants, we need not review the sufficiency of the opposition papers (*see Whack v Williams*, 53 AD3d 481, 482 [2008]; *Quinones v E & L Transp., Inc.*, 35 AD3d 577 [2006]).

Further, contrary to the defendants' contention, the Supreme Court's denial of the plaintiff's motion for summary judgment on the complaint did not warrant dismissal of the complaint because "[t]he denial of a motion for summary judgment establishes nothing except that summary judgment is not warranted" (*Baker v Vanderbilt Co.*, 260 AD2d 750, 751 [1999]). Moreover, the defendants' contention that the Supreme Court awarded summary judgment on the issue of liability to the plaintiff and thereby erred is without merit, as a review of the Supreme Court's order makes clear that the plaintiff's motion was denied in its entirety. Balkin, J.P., Leventhal, Austin and Duffy, JJ., concur.