█ STEPHEN KATZ et al., Appellants, v BARRY J. BEIL et al., Respondents. [39 NYS3d 157]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau

County (Driscoll, J.), entered June 19, 2014, as, upon so much of an order of the same court entered January 11, 2013, as granted that branch of the motion of the defendants Finkle Ross & Rost, LLP, and Finkle & Ross, LLP, which was pursuant to CPLR 3211 (a) to dismiss the cause of action alleging accounting malpractice, upon an order of the same court entered February 28, 3013, upon so much of an order of the same court entered November 4, 2013, as denied certain branches of their motion which were pursuant to CPLR 3025 (b) for leave to amend the amended complaint, and upon so much of an order of the same court entered April 17, 2014, as granted that branch of the motion of the defendants Barry J. Beil and Stanley Pine which was for summary judgment dismissing the amended complaint insofar as asserted against them and granted the separate motion of the defendants Finkle Ross & Rost, LLP, and Finkle & Ross, LLP, for summary judgment dismissing the cause of action alleging aiding and abetting breach of fiduciary duty, is in favor of the defendants and against them dismissing the amended complaint.

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the amended complaint insofar as asserted against the defendants Barry J. Beil and Stanley Pine; as so modified, the judgment is affirmed insofar as appealed from, with one bill of costs payable to the plaintiffs, that branch of the motion of the defendants Barry J. Beil and Stanley Pine which was for summary judgment dismissing the amended complaint insofar as asserted against them is denied, the amended complaint is reinstated insofar as asserted against the defendants Barry J. Beil and Stanley Pine, those branches of the plaintiffs' motion which were pursuant to CPLR 3025 (b) for leave to amend the amended complaint (a) to assert shareholders' derivative causes of action on behalf of Hampton Hills Operating Corp. with respect to the first, third, fourth, fifth, sixth, seventh, eighth, and ninth proposed causes of action as set forth in the proposed second amended complaint, (b) to assert derivative causes of action on behalf of Hampton Hills Associates General Partnership with respect to the first, third, fourth, fifth, sixth, seventh, eighth, and ninth proposed causes of action as set forth in the proposed second amended complaint, (c) to assert a cause of action to recover damages for breach of a partnership agreement against the defendants Barry J. Beil and Stanley Pine, and (d) to assert a cause of action for certain declaratory and injunctive relief, are granted, and the orders entered November 4, 2013, and April 17, 2014, are modified accordingly.

The defendants Barry J. Beil and Stanley Pine (hereinafter

together the individual defendants) and the plaintiffs are partners in Hampton Hills Associates General Partnership (hereinafter the partnership), which owns the Hampton Hills Golf & County Club. The defendants Finkle Ross & Rost, LLP, and Finkle & Ross, LLP (hereinafter together the Finkle defendants), are accounting firms that were allegedly retained to audit the books and records of the Partnership and at least one of its affiliates, the Hampton Hills Operating Corp. (hereinafter the operating corp.).

The plaintiffs commenced this action against the individual defendants and the Finkle defendants. The amended complaint asserted causes of action against the individual defendants for an accounting of the partnership's books and records, and to recover damages for breach of fiduciary duty, self-dealing, usurpation of corporate opportunity, waste, and unjust enrichment. The amended complaint asserted causes of action against the Finkle defendants to recover damages for accounting malpractice and aiding and abetting breach of fiduciary duty.

Thereafter, the Finkle defendants moved pursuant to CPLR 3211 (a) to dismiss the two causes of action asserted against them in the amended complaint. In an order entered January 11, 2013, the Supreme Court directed the dismissal of the cause of action alleging accounting malpractice, but declined to dismiss the cause of action alleging aiding and abetting breach of fiduciary duty.

The plaintiffs subsequently moved, inter alia, pursuant to CPLR 3025 (b) for leave to amend the amended complaint to assert shareholders' derivative causes of action on behalf of the operating corp., derivative causes of action on behalf of the partnership, and causes of action against the individual defendants to recover damages for breach of a partnership agreement and for certain declaratory and injunctive relief. In an order entered November 4, 2013, the Supreme Court denied those branches of the plaintiffs' motion.

The individual defendants thereafter moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against them, and the Finkle defendants separately moved for summary judgment dismissing the remaining cause of action asserted against them, which alleged aiding and abetting breach of fiduciary duty. In an order entered April 17, 2014, the Supreme Court awarded the individual defendants summary judgment dismissing the amended complaint insofar as asserted against them and awarded the Finkle defendants summary judgment dismissing the cause of action alleging aiding and abetting breach of fiduciary duty. The court subse-

quently entered a judgment, inter alia, in favor of the defendants and against the plaintiffs dismissing the amended complaint. The plaintiffs appeal from the judgment.

Contrary to the plaintiffs' contention, the Supreme Court, in the order entered January 11, 2013, properly directed the dismissal of the cause of action to recover damages for accounting malpractice asserted against the Finkle defendants. In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), a court is required to accept the facts as alleged in the complaint as true, accord the plaintiffs the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Applying that standard here, the amended complaint failed to adequately allege the existence of actual privity of contract between the plaintiffs and the Finkle defendants, or a relationship so close as to approach that of privity, sufficient to impose a professional duty upon the Finkle defendants for the benefit of the plaintiffs (*see Credit Alliance Corp. v Arthur Andersen & Co.*, 65 NY2d 536, 551 [1985]; *Signature Bank v Holtz Rubenstein Reminick, LLP*, 109 AD3d 465, 466-467 [2013]; *Ideal Steel Supply Corp. v Anza*, 63 AD3d 884, 885 [2009]). Inasmuch as the amended complaint failed to adequately allege the existence of a duty owed by the Finkle defendants to the plaintiffs, it failed to state a cause of action against the Finkle defendants for accounting malpractice.

The plaintiffs also contend that the Supreme Court, in the order entered November 4, 2013, should have granted those branches of their motion which were pursuant to CPLR 3025 (b) for leave to amend the amended complaint to assert shareholders' derivative causes of action on behalf of the operating corp., derivative causes of action on behalf of the partnership, and causes of action against the individual defendants to recover damages for breach of a partnership agreement and for certain declaratory and injunctive relief. CPLR 3025 (b) provides that leave to amend a pleading "shall be freely given." Accordingly, "leave should be given where the amendment is neither palpably insufficient nor patently devoid of merit, and the delay in seeking amendment does not prejudice or surprise the opposing party" (*US Bank, N.A. v Primiano*, 140 AD3d 857, 857 [2016]; *see HSBC Bank v Picarelli*, 110 AD3d 1031, 1032 [2013]). "[T]he legal sufficiency or merits of a claim need not be examined unless such insufficiency or lack of merit is clear and free from doubt" (*Edwards v 1234 Pac. Mgt., LLC*, 139 AD3d 658, 659 [2016]). "A determi-

nation whether to grant such leave is within the Supreme Court's broad discretion, and the exercise of that discretion will not be lightly disturbed" (*Gitlin v Chirinkin*, 60 AD3d 901, 902 [2009]; *see Galanova v Safir*, 127 AD3d 686, 687 [2015]).

Here, the plaintiffs sought leave to amend the amended complaint to add shareholders' derivative causes of action on behalf of the operating corp., and derivative causes of action on behalf of the partnership. The proposed second amended complaint alleged that the plaintiffs were shareholders of the operating corp., and were general partners of the partnership, and that the operating corp. and the partnership had suffered damages as a result of the allegedly wrongful conduct of the individual defendants and the Finkle defendants. The Supreme Court properly concluded that the second cause of action contained in the proposed second amended complaint, to the extent that it sought to assert derivative claims on behalf of the operating corp. and the partnership against the Finkle defendants for aiding and abetting breach of fiduciary duty, was palpably insufficient and patently devoid of merit (*cf. Roni LLC v Arfa*, 15 NY3d 826, 827 [2010]). Accordingly, the court properly denied leave to amend the amended complaint to assert derivative causes of action against the Finkle defendants for aiding and abetting breach of fiduciary duty.

However, the Supreme Court erred in concluding that the eighth cause of action contained in the proposed second amended complaint, to the extent that it sought to assert derivative claims on behalf of the operating corp. and the partnership against the Finkle defendants for accounting malpractice, was palpably insufficient and patently devoid of merit (*cf. Delollis v Margolin, Winer & Evens, LLP*, 121 AD3d 830, 830 [2014]; *Hecht v Andover Assoc. Mgt. Corp.*, 114 AD3d 638, 641 [2014]). Accordingly, in light of the Finkle defendants' failure to establish that they were prejudiced or surprised by the plaintiffs' delay in seeking these amendments, the court should have granted leave to amend the amended complaint to assert derivative causes of action against the Finkle defendants for accounting malpractice.

Contrary to the Supreme Court's conclusion, the remaining proposed derivative causes of action, which were directed against the individual defendants, were not palpably insufficient nor patently devoid of merit (*see* Business Corporation Law § 626 [a]; Partnership Law § 115; *see also Bremond Houses, Inc. v Lemle & Wolfe, Inc.*, 129 AD3d 584, 584-585 [2015]; *Caprer v Nussbaum*, 36 AD3d 176, 187-188 [2006]; *Benedict v Whitman Breed Abbott & Morgan*, 282 AD2d 416,

418 [2001]; *Shea v Hambro Am.*, 200 AD2d 371, 371-372 [1994]; *Zacma Cleaners Corp. v Gimbel*, 149 AD2d 585, 586 [1989]; *cf. Walsh v Wwebnet, Inc.*, 116 AD3d 845, 847-848 [2014]). Furthermore, contrary to the contention of the individual defendants, the plaintiffs were not required to submit evidence to demonstrate the merit of their proposed causes of action since "[n]o evidentiary showing of merit is required under CPLR 3025 (b)" (*Lucido v Mancuso*, 49 AD3d 220, 229 [2008]; *see Clarke v Laidlaw Tr., Inc.*, 125 AD3d 920, 922-923 [2015]). If the defendants "wish[ ] to test the merits of the proposed added cause[s] of action . . . [they] may later move for summary judgment upon a proper showing" (*Lucido v Mancuso*, 49 AD3d at 229). In light of the individual defendants' failure to establish that they were prejudiced or surprised by the plaintiffs' delay in seeking these amendments, the court should have granted leave to amend the amended complaint to assert shareholders' derivative causes of action on behalf of the operating corp. and derivative causes of action on behalf of the partnership with respect to the first, third, fourth, fifth, sixth, seventh, and ninth proposed causes of action in the proposed second amended complaint against the individual defendants (*see generally Blue Diamond Fuel Oil Corp. v Lev Mgt. Corp.*, 103 AD3d 675, 676 [2013]).

The plaintiffs also maintain that the Supreme Court should have granted leave to amend the amended complaint to assert a cause of action to recover damages for breach of a partnership agreement against the individual defendants. Contrary to the court's conclusion, it cannot be said at this juncture that this proposed cause of action is wholly time-barred since, among other things, allegations in the proposed second amended complaint relate to breaches of the partnership agreement that were alleged to have occurred within the applicable statute of limitations period (*see* CPLR 213 [2]; *see also Manhattanville Coll. v James John Romeo Consulting Engr., P.C.*, 5 AD3d 637, 641 [2004]). Furthermore, contrary to the individual defendants' contention, raised as an alternative ground for affirmance of so much of the judgment as was made upon the order entered November 4, 2013 (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 544-547 [1983]), the proposed cause of action alleging breach of the partnership agreement was not duplicative of the cause of action alleging breach of fiduciary duty. Although certain aspects of these two causes of action may overlap, they are based, at least in part, upon different facts, and they seek to recover distinct damages (*see Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker*, 56 AD3d 1, 9 [2008]; *see also Worldcare*

*Intl., Inc. v Kay*, 119 AD3d 554, 556 [2014]). Since the proposed amendment did not result in any prejudice or surprise to the individual defendants and was not palpably insufficient or patently devoid of merit, the court should have granted leave to amend the amended complaint to assert a cause of action to recover damages for breach of the partnership agreement against the individual defendants (*see generally HSBC Bank v Picarelli*, 110 AD3d at 1032).

The Supreme Court also should have granted leave to amend the amended complaint to assert a cause of action for declaratory and injunctive relief against the individual defendants, as set forth in the proposed tenth cause of action in the proposed second amended complaint. The individual defendants failed to demonstrate that the proposed amendment resulted in prejudice or surprise, and the proposed cause of action was neither palpably insufficient nor patently devoid of merit (*see generally id.*).

The plaintiffs next contend that the Supreme Court erred in granting the Finkle defendants' motion for summary judgment dismissing the cause of action alleging aiding and abetting breach of fiduciary duty, which was asserted against the Finkle defendants by the plaintiffs in their individual capacities. "A claim for aiding and abetting a breach of fiduciary duty requires: (1) a breach by a fiduciary of obligations to another, (2) that the defendant knowingly induced or participated in the breach, and (3) that plaintiff suffered damage as a result of the breach" (*Kaufman v Cohen*, 307 AD2d 113, 125 [2003]; *see Ginsburg Dev. Cos., LLC v Carbone*, 134 AD3d 890, 893-894 [2015]; *AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6, 23 [2008]). Here, the Finkle defendants established, prima facie, their entitlement to judgment as a matter of law by submitting evidence which demonstrated that they did not knowingly induce or participate in the alleged breaches of fiduciary duty (*see IDX Capital, LLC v Phoenix Partners Group LLC*, 19 NY3d 850, 851-852 [2012]; *Parklex Assoc. v Royal Capital Mkts. Corp.*, 118 AD3d 972 [2014]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the court properly granted the Finkle defendants' motion for summary judgment dismissing the cause of action alleging aiding and abetting breach of fiduciary duty. In light of our determination on this point, we need not reach the Finkle defendants' contention that the court erred, in the order entered January 11, 2013, in declining to dismiss that cause of action pursuant to CPLR 3211 (a).

The plaintiffs also contend that the Supreme Court erred in awarding the individual defendants summary judgment dismissing the amended complaint insofar as asserted against them. As previously indicated, the amended complaint asserted causes of action against the individual defendants for an accounting of the partnership's books and records, and to recover damages for breach of fiduciary duty, self-dealing, usurpation of corporate opportunity, waste, and unjust enrichment.

In determining the individual defendants' motion for summary judgment, the Supreme Court concluded that judgment as a matter of law was appropriate since "there [was] no evidence that the [i]ndividual [d]efendants breached their fiduciary duty to [the] [p]laintiffs." As an alternative ground for its determination, the court concluded that there was no evidence that the individual defendants had engaged in "self-dealing or other misconduct" and that all of the conduct alleged in the amended complaint was therefore protected by the business judgment rule. As an additional alternative ground for granting summary judgment, the court determined that "the [p]laintiffs [could] not prove that they were damaged" by the challenged conduct of the individual defendants.

The Supreme Court's application of the summary judgment standard constituted legal error. In the context of this pretrial motion for summary judgment, the individual defendants, as the moving parties, had the initial burden of proof (*see* CPLR 3212 [b]; *Hecker v Liebgold*, 130 AD3d 572, 573 [2015]). Accordingly, "[w]hile the ultimate burden of proof at trial will fall upon the plaintiff[s], a defendant seeking summary judgment bears the initial burden of demonstrating its entitlement to judgment as a matter of law by submitting evidentiary proof in admissible form" (*Collado v Jiacono*, 126 AD3d 927, 928 [2015]; *see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "On a summary judgment motion, a moving defendant does not meet its burden of affirmatively establishing its entitlement to summary judgment by merely pointing to gaps in the plaintiff's case; rather, it must affirmatively demonstrate the merit of its defense" (*Vanderhurst v Nobile*, 130 AD3d 716, 717 [2015]; *see Spota v Love*, 140 AD3d 730, 730-731 [2016]; *Setter v Fire Is. Ferries, Inc.*, 139 AD3d 840 [2016]; *Vaughn v Veolia Transp., Inc.*, 138 AD3d 979, 981 [2016]). "It is equally well established that the motion should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (*Scott v Long Is. Power Auth.*, 294 AD2d 348, 348 [2002]; *see Ruiz v Griffin*, 71 AD3d 1112, 1115 [2010]).

Here, the individual defendants failed to establish, prima facie, their entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against them. "[T]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings" (*Koziar v Grand Palace Rest.*, 125 AD3d 607, 608 [2015]). In this case, the individual defendants failed to affirmatively demonstrate, prima facie, that they did not breach any fiduciary duty owed to the plaintiffs during the course of all of the transactions or occurrences described in the amended complaint (*see Taylor v Wynkoop*, 132 AD3d 843, 845 [2015]; *Mobarak v Mowad*, 117 AD3d 998, 1000 [2014]; *Robert I. Gluck, M.D., LLC v Kenneth M. Kamler, M.D., LLC*, 74 AD3d 1166, 1167 [2010]). Similarly, the individual defendants failed to affirmatively establish, prima facie, that the plaintiffs did not sustain any damages as a result of their alleged misconduct (*see generally Brown-Jodoin v Pirrotti*, 138 AD3d 661, 664 [2016]; *Kempf v Magida*, 116 AD3d 736, 736-737 [2014]; *cf. Del Pozo v Impressive Homes, Inc.*, 86 AD3d 622, 622 [2011]).

Furthermore, the submissions of the individual defendants were insufficient to establish, prima facie, that the application of the business judgment rule protected all of the transactions or occurrences described in the amended complaint from judicial scrutiny. "Pursuant to the business judgment rule, absent evidence of bad faith, fraud, self-dealing, or other misconduct, the courts must respect business judgments" (*Pugliese v Mondello*, 57 AD3d 637, 639 [2008]; *see Auerbach v Bennett*, 47 NY2d 619, 630-631 [1979]). "A business decision is not subject to review under the business judgment rule if it is authorized, made in good faith, and in furtherance of the business's legitimate interests" (*Pugliese v Mondello*, 57 AD3d at 639). Here, the individual defendants failed to establish, prima facie, that all of the transactions or occurrences described in the amended complaint were authorized, made in good faith, and in furtherance of the partnership's legitimate interests (*see Taylor v Wynkoop*, 132 AD3d at 845; *Mobarak v Mowad*, 117 AD3d at 1000; *cf. Zuckerbrod v 355 Co., LLC*, 113 AD3d 675, 676 [2014]). The individual defendants' representations that all of the challenged conduct outlined in the amended complaint was performed in furtherance of the partnership's legitimate interests were conclusory, unsubstantiated, and, without more, amounted to bare legal conclusions that were insufficient to establish that the business judgment rule barred judicial inquiry into these matters (*see HSBC Bank USA N.A. v Nuteh 72 Realty Corp.*, 70 AD3d 998, 999 [2010]; *Diamond*

*Truck Leasing Corp. v Cross Country Ins. Brokerage, Inc.*, 62 AD3d 745, 746 [2009]; *Matter of Atkin v Atkin*, 55 AD3d 905, 905 [2008]).

In sum, contrary to the Supreme Court's conclusion, the individual defendants failed to establish, prima facie, their entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against them (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Since the individual defendants failed to sustain their prima facie burden, we need not consider the adequacy of the plaintiffs' submissions in opposition to that motion (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Accordingly, the court should have denied that branch of the individual defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against them.

In determining the defendants' motions for summary judgment, the Supreme Court searched the record and awarded the plaintiffs summary judgment dismissing the individual defendants' counterclaims, which included a counterclaim alleging defamation, and the judgment dismissed the individual defendants' counterclaims. The individual defendants filed a notice of cross appeal from the judgment, but this Court subsequently granted leave to withdraw that cross appeal. In light of the dismissal of the individual defendants' counterclaims in the judgment and the withdrawal of their cross appeal, the issues brought up for review from so much of an order entered February 28, 2013, raised on the plaintiffs' appeal from the judgment, as denied that branch of the plaintiffs' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the individual defendants' counterclaim alleging defamation are academic. Dillon, J.P., Roman, Miller and LaSalle, JJ., concur.