■ Stephen Katz et al., Appellants, v Barry J. Beil et al., Respondents. [37 NYS3d 452]—In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Nassau County (Driscoll, J.), entered October 23, 2013, as directed a hearing on certain branches of their motion which were pursuant to CPLR 3025 (b) for leave to amend the amended complaint, and (2) so much of an order of the same court entered November 4, 2013, as denied certain branches of their motion which were pursuant to CPLR 3025 (b) for leave to amend the amended complaint.

Ordered that the appeal from the order entered October 23, 2013, is dismissed, without costs or disbursements, as no appeal lies as of right from an order which directs a hearing to aid in the disposition of a motion (*see Serraro v Staropoli*, 94 AD3d 1083, 1084 [2012]), and we decline to grant leave to ap-

peal in view of the fact that a judgment has been entered in the action (*see Willoughby Rehabilitation & Health Care Ctr., LLC v Webster*, 134 AD3d 811, 812 [2015]); and it is further,

Ordered that the appeal from the order entered November 4, 2013, is dismissed, without costs or disbursements.

The appeal from the order entered November 4, 2013, must be dismissed because the right of direct appeal therefrom terminated with the entry of a judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the orders entered October 23, 2013, and November 4, 2013, are brought up for review and have been considered on the companion appeal from the judgment (*see* CPLR 5501 [a]; *Katz v Beil*, 142 AD3d 957 [2d Dept 2016] [decided herewith]). Dillon, J.P., Roman, Miller and LaSalle, JJ., concur.

---

Motion by the respondents Barry J. Beil and Stanley Pine on appeals from two orders of the Supreme Court, Nassau County, entered October 23, 2013, and November 4, 2013, respectively, to dismiss the appeal from the order entered November 4, 2013, on the ground that it has been rendered academic. By decision and order on motion of this Court dated June 11, 2014, the motion was held in abeyance and referred to the Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeals, it is

Ordered that the motion is denied as academic in light of our determination of the appeal from the order entered November 4, 2013 (*see Katz v Beil*, 142 AD3d 957 [2d Dept 2016] [decided herewith]). Dillon, J.P., Roman, Miller and LaSalle, JJ., concur.