Massias v Goldberg (2018 NY Slip Op 05151)





Massias v Goldberg


2018 NY Slip Op 05151


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2015-04552
 (Index No. 500261/14)

[*1]Elie Massias, et al., appellants-respondents, 
v
Ralph Goldberg, respondent-appellant.


Berkman Law Office, LLC, Brooklyn, NY (Robert J. Tolchin and Meir Katz of counsel), for appellants-respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal and the defendant cross-appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated April 16, 2015. The order, insofar as appealed from, in effect, denied the plaintiffs' motion for leave to amend the complaint to assert a cause of action to impose a constructive trust, and granted those branches of the defendant's cross motion which were for summary judgment dismissing the first, second, and third causes of action.
ORDERED that the cross appeal is dismissed as abandoned, without costs or disbursements; and it is further,
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiffs allege that they entered into an oral agreement with the defendant whereby they would assist the defendant in finishing construction of a new addition to the defendant's property, move in and live with the defendant at the property, and provide companionship for, and aid to, the defendant. The plaintiffs further allege that in exchange, the defendant agreed to make the plaintiffs co-owners of the property during his lifetime and leave the property to the plaintiffs outright upon his death. The plaintiffs commenced this action, asserting causes of action, in effect: (1) to quiet title; (2) alleging breach of contract; (3) alleging promissory estoppel; (4) alleging detrimental reliance; and (5) alleging unjust enrichment. The Supreme Court, in effect, denied the plaintiffs' motion for leave to amend the complaint to assert a cause of action to impose a constructive trust, granted those branches of the defendant's cross motion which were for summary judgment dismissing the first, second, and third causes of action, and to cancel the notice of pendency, and denied those branches of the cross motion which were for summary judgment dismissing the fourth and fifth causes of action.
Leave to amend a pleading "shall be freely given upon such terms as may be just" (CPLR 3025[b]). Thus, leave should be granted "where the amendment is neither palpably insufficient nor patently devoid of merit, and the delay in seeking amendment does not prejudice or surprise the opposing party" (US Bank, N.A. v Primiano, 140 AD3d 857, 857; see DLJ Mtge. [*2]Capital, Inc. v David, 147 AD3d 1024, 1025; Katz v Beil, 142 AD3d 957, 960). The determination of a motion for leave to amend a pleading is within the sound discretion of the Supreme Court (see Santostefano v Middle Country Cent. Sch. Dist., 156 AD3d 926; Assevero v Hamilton & Church Props., LLC, 154 AD3d 728, 730; Katz v Beil, 142 AD3d at 960-961). Here, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion for leave to amend the complaint, since the plaintiffs' proposed cause of action to impose a constructive trust was patently devoid of merit (see generally Sharp v Kosmalski, 40 NY2d 119).
Pursuant to the statute of frauds, certain types of agreements must be in writing and subscribed by the party to be charged therewith or by his or her lawful agent in order to be enforceable (see William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh, 22 NY3d 470, 476; see also General Obligations Law §§ 5-701, 5-703; EPTL 13-2.1). To successfully establish entitlement to summary judgment based on a claim that there is no writing reflecting the parties' agreement as required by the statute of frauds, the defendant must show "that the record is bereft of documentation establishing such agreement, as provided for under the law" (William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh, 22 NY3d at 475-476). Here, the defendant met his burden by demonstrating that the record is bereft of documentation establishing the parties' alleged agreement and, thus, that its enforcement was barred by the statute of frauds, and by demonstrating that the plaintiffs could not invoke the doctrines of estoppel or partial performance to compel specific performance of the alleged agreement absent the required writing (see General Obligations Law §§ 5-701, 5-703; EPTL 13-2.1; Matter of Hennel, 29 NY3d 487, 489; Anostario v Vicinanzo, 59 NY2d 662, 664; O'Brien v West, 199 AD2d 369, 370). In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Moreover, contrary to the plaintiffs' contention, the Supreme Court did not prematurely grant those branches of the defendant's cross motion which were for summary judgment dismissing the first, second, and third causes of action (see Spatola v Gelco Corp., 5 AD3d 469, 470; Frouws v Campbell Foundry Co., 275 AD2d 761).
Generally, a notice of pendency may be filed in any action in which the judgment demanded would affect the title to, or the possession, use, or enjoyment of, real property (see CPLR 6501; 5303 Realty Corp. v O & Y Equity Corp., 64 NY2d 313, 317-318; Nastasi v Nastasi, 26 AD3d 32, 35). "Cancellation of a notice of pendency can be granted in the exercise of the inherent power of the court where its filing fails to comply with CPLR 6501" (Nastasi v Nastasi, 26 AD3d at 36; see Congel v Malfitano, 61 AD3d 807, 809). Under the circumstances presented here, the Supreme Court, upon granting those branches of the defendant's cross motion which were for summary judgment dismissing the first, second, and third causes of action, properly granted that branch of the cross motion which was to cancel the notice of pendency (see CPLR 6501; Mazzei v Kyriacou, 139 AD3d 823, 825).
LEVENTHAL, J.P., COHEN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court