Wells Fargo Bank, N.A. v Confino (2019 NY Slip Op 06115)





Wells Fargo Bank, N.A. v Confino


2019 NY Slip Op 06115


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-07570
 (Index No. 7963/16)

[*1]Wells Fargo Bank, N.A., plaintiff, 
v
Adam Confino, et al., appellants, Samuel Raphael Frankel, et al., respondents, et al., defendants.


Miller Law Offices, PLLC, Lawrence, NY (Scott J. Farrell and Jeffrey H. Miller of counsel), for appellants.
Solomon & Siris, P.C., Garden City, NY (Michael J. Siris and Bill Tsevis of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Adam Confino and Victoria Kerzhner, also known as Victoria Confino, appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered April 26, 2018. The order granted the cross motion of the defendants Samuel Raphael Frankel and Adina P. Frankel pursuant to CPLR 3025(b) for leave to amend their answer, and denied, as academic, the motion of the defendants Adam Confino and Victoria Kerzhner, also known as Victoria Confino, pursuant to CPLR 3211(a) to dismiss the cross claims asserted against them by the defendants Samuel Raphael Frankel and Adina P. Frankel in their original answer.
ORDERED that the order is affirmed, with costs to the defendants Samuel Raphael Frankel and Adina P. Frankel, payable by the defendants Adam Confino and Victoria Kerzhner, also known as Victoria Confino.
In January 2004, the defendants Adam Confino and Victoria Kerzhner, also known as Victoria Confino (hereinafter together the Confinos), executed a note which was secured by a mortgage on certain real property located in North Woodmere (hereinafter the property). In December 2008, the Confinos executed a second note secured by a mortgage on the property, as well as a consolidation, extension, and modification agreement which consolidated the two mortgages into a "single lien" in the sum of $417,000. In December 2010, the Confinos sold the property to nonparties Michael Tortora and Jessica Tortora (hereinafter together the Tortoras), and in February 2015, the Tortoras sold the property to the defendants Samuel Raphael Frankel and Adina P. Frankel (hereinafter together the Frankels).
In 2016, the plaintiff commenced this action to foreclose the consolidated mortgage. The Frankels interposed an answer asserting cross claims against the Confinos alleging, inter alia, fraud (hereinafter the first cross claim), and a violation of Penal Law § 185.10 (hereinafer the second cross claim). Thereafter, the Confinos moved pursuant to CPLR 3211(a) to dismiss the cross claims asserted against them by the Frankels. The Frankels cross-moved for leave to amend their answer (1) to supplement the first cross claim, alleging that the Confinos fraudulently disposed of the [*2]property and breached the covenant against grantor's acts in their deed to the Tortoras by falsely representing that the mortgage on the property had been satisfied, and that the Tortoras had assigned any claims they might have against the Confinos to the Frankels, and (2) to replace the second cross claim in the original answer with a new cross claim alleging unjust enrichment. In an order entered April 26, 2018, the Supreme Court granted the Frankels' cross motion for leave to amend their answer and denied, as academic, the Confinos' motion to dismiss the cross claims asserted against them in the Frankels' original answer. The Confinos appeal.
Leave to amend a pleading should generally be freely granted (see CPLR 3025[b]). In the absence of prejudice or surprise to the opposing party, a motion to amend should be granted unless the proposed amendment is palpably insufficient or patently devoid of merit (see Lucido v Mancuso, 49 AD3d 220, 226-227). " A determination whether to grant such leave is within the Supreme Court's broad discretion, and the exercise of that discretion will not be lightly disturbed'" (Katz v Beil, 142 AD3d 957, 960-961, quoting Gitlin v Chirinkin, 60 AD3d 901, 902). Here, the Supreme Court did not improvidently exercise its discretion in granting the Frankels' cross motion for leave to amend their answer. The Confinos were not unfairly surprised or prejudiced by the proposed amended answer, and the proposed amendment was neither palpably insufficient nor patently devoid of merit (see generally Lucido v Mancuso, 49 AD3d at 226-227).
In light of our determination, the Confinos' remaining contention has been rendered academic.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court