Matter of Andris v 1376 Forest Realty, LLC (2023 NY Slip Op 00996)

Matter of Andris v 1376 Forest Realty, LLC

2023 NY Slip Op 00996

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-09111
 (Index No. 150879/19)

[*1]In the Matter of Stephanie Andris, etc., appellant,
v
1376 Forest Realty, LLC, et al., respondents.

Ginsburg & Misk LLP, Queens Village, NY (Hal R. Ginsburg of counsel), for appellant.
Howard M. File, Esq., P.C., Staten Island, NY, for respondents.

DECISION & ORDER
In a proceeding, inter alia, for judicial dissolution of 1376 Forest Realty, LLC, the petitioner appeals from an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated December 1, 2020. The order granted the respondents' motion, in effect, for summary judgment dismissing the cause of action for judicial dissolution of 1376 Forest Realty, LLC.
ORDERED that the order is reversed, on the law, with costs, and the respondents' motion, in effect, for summary judgment dismissing the cause of action for judicial dissolution of 1376 Forest Realty, LLC, is denied.
The underlying facts are set forth in the related appeal decided herewith (see Matter of Andris v 1376 Forest Realty, LLC, __AD3d__ [Appellate Division Docket No. 2020-06092; decided herewith]). In an order dated December 1, 2020, the Supreme Court granted the motion of the respondents, Astrid Spatola and 1376 Forest Realty, LLC (hereinafter the LLC and together the respondents), in effect, for summary judgment dismissing the remaining cause of action in the petition, which was for dissolution of the LLC. The petitioner appeals. We reverse.
The Supreme Court should have denied the respondents' motion, in effect, for summary judgment dismissing the cause of action for dissolution of the LLC, as the respondents failed to establish their prima facie entitlement to judgment as a matter of law. Contrary to the determination of the court, the respondents did not eliminate all triable issues of fact as to the cause of action for dissolution of the LLC in that they failed to show, as a matter of law, that it is "reasonably practicable to carry on the business in conformity with the articles of organization or operating agreement" (Limited Liability Company Law § 702; see Matter of 1545 Ocean Ave., LLC, 72 AD3d 121, 131). Further, the respondents failed to show that Spatola owes no duty to the petitioner, as executor of the estate of Elizabeth Ayvis, a member of the LLC with a 50% interest (see Limited Liability Company Law § 608; see generally Birnbaum v Birnbaum, 73 NY2d 461, 465). The respondents also failed to establish that Spatola did not violate any fiduciary duty that she owes to the members of the LLC (see Katz v Beil, 142 AD3d 957, 965).
Accordingly, the respondents' motion, in effect, for summary judgment dismissing the cause of action for judicial dissolution of the LLC should have been denied (see Matter of Andris [*2]v 1376 Forest Realty, LLC, __AD3d__), without regard to the sufficiency of the petitioner's opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DUFFY, J.P., CONNOLLY, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court