■ Ripplewood Advisors, LLC, Respondent, v Callidus Capital SIA et al., Appellants. [54 NYS3d 291]—

---

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered February 28, 2017, which denied defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) and 327 (a), unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

New York does not have personal jurisdiction over defendants pursuant to CPLR 302 (a) (1), as they did not avail themselves "of the privilege of conducting activities within [this] State, thus invoking the benefits and protections of its laws" (*Fischbarg v Doucet*, 9 NY3d 375, 380 [2007] [internal quotation marks omitted]). The telephone and email communications between the Latvian defendants and plaintiff's office in New York, concerning a contemplated association in the acquisition of a Latvian bank (with no presence in New York) undergoing privatization, do not suffice to constitute the transaction of business in New York. In so concluding, we find it persuasive that defendants never entered New York in connection with their dealings with plaintiff, that the parties' electronic communications also ran between defendants and plaintiff's London office, that plaintiff traveled to Latvia in connection with this matter, and that the parties' contemplated association (if the bank were acquired) would be centered in Latvia (*see e.g. SunLight Gen. Capital LLC v CJS Invs. Inc.*, 114 AD3d 521, 522 [1st Dept 2014]).

Plaintiff's argument that "the sharply conflicting affidavits submitted by the parties . . . required a jurisdictional hearing" (*Shea v Hambro Am.*, 200 AD2d 371, 372 [1st Dept 1994]) is unpreserved. In any event, resolution in plaintiff's favor of the parties' factual disputes would not lead to a different result.

Even if personal jurisdiction existed over defendants, we would dismiss on the ground of forum non conveniens, in view of Latvia being the principal situs of the underlying transaction, the pendency in Latvia of an earlier-filed action between the same parties concerning this dispute, and the likely applicability of Latvian law under a grouping-of-contacts analysis (*see Zurich Ins. Co. v Shearson Lehman Hutton*, 84 NY2d 309, 317 [1994]). Concur—Friedman, J.P., Gische, Kapnick and Kahn, JJ.